FRED C. FARR *v.* HENRY FISHER.

February Term, 1935.

Present: POWERS, C. J., MOULTON, THOMPSON, and SHERBURNE, JJ., and BUTTLES, Supr. J.

Opinion filed May 7, 1935.

*Herbert G. Barber* and *R. B. Hartley* (Springfield, Mass.), for the defendant.

*Clayton H. Kinney* and *Stanley L. Burns* for the plaintiff.

BUTTLES, Supr. J.   This is an action in tort to recover for personal injuries received by the plaintiff as a result of being struck while walking in the highway, by an automobile owned and driven by the defendant.   The accident occurred shortly after five o'clock in the afternoon of December 6, 1933, just inside the limits of the village of Bellows Falls, Vermont, on the street known as Saxton's River Street.   The plaintiff was walking northerly or easterly on his right side of the highway toward the Village of Bellows Falls when he was struck from the rear by the defendant's car which was proceeding in the same directtion.   Trial by jury in Windham county court resulted in a verdict for the plaintiff for $452 damages.   The case comes to this

Court before judgment on the defendant's exceptions: (1) To the action of the trial court in granting the plaintiff's motion that the verdict, as to damages only, be set aside, and a new trial granted, meaning, we assume, a new trial on the issue of damages alone; and (2) to the action of the court in denying defendant's motion, subsequently made, to set aside the entire verdict and grant a new trial on all issues. In each instance exceptions were allowed to the action of the court as being legal error, and also as an abuse of discretion. Plaintiff moved, as an alternative to the motion which was granted, that the verdict be set aside *in toto* and new trial granted on all issues.

As the eighth ground of his motion to set aside the entire verdict the defendant states: ''That the damages awarded by said verdict are inadequate, as now claimed by the plaintiff, because of the conflict of the evidence on the questions of liability and damages.'' We construe this, when coupled with the first seven grounds which the defendant states for his motion, and with the statement in his brief that he relies, for reversal of the trial court, upon the principles which he quotes from *Parizo* v. *Wilson*, 101 Vt. 514, page 522, 144 Atl. 856, 859, as a concession that the damages awarded were inadequate. Defendant's position in regard to this claim is thus inconsistent with the claim made later in his brief that the verdict should stand as returned and judgment should be rendered thereon, as the alternative to a new trial on all issues.

The ninth ground of his motion is stated by the defendant as follows:

> ''That the evidence on the question of liability was indefinite, uncertain and conflicting, as above stated, and that during the progress of the trial the defendant undertook to develop a state of facts showing contributory negligence on the part of the plaintiff and the Court by its control of the trial, as shown by the transcript, cut the defendant short of developing the same, namely,—that the plaintiff, walking easterly along the right-hand side of the road, paying no attention to the automobile traffic passing and repassing along said road, without looking stepped in front of the defendant's automobile at a time when he was so close thereto that

> there was no time within which the defendant
> could possibly have prevented striking the plain-
> tiff; that the plaintiff's purpose in crossing the
> road was to reach the hard surface sidewalk on the
> opposite side thereof, there being no walk on the
> side on which the plaintiff was walking.''

An examination of the transcript does not disclose that the
defendant was prejudiced by the action of the trial court in
any way as claimed by him in this statement of his ninth ground
for exception. Certainly there was no offer of any such evi-
dence as he suggests, and no cutting short of his cross-examina-
tion of any witness to which exception was saved. However we
proceed to consider whether there was error or abuse of discre-
tion by the court below, either in disturbing the verdict or in
setting it aside as to damages only and ordering a new trial on
that issue alone.

The claim of legal error as to either or both of these
propositions is fully disposed of by the discussion and holding
in *Parizo* v. *Wilson, supra.* See, also, *Bennett* v. *Robertson,* 106
Vt. 112, 169 Atl. 901. The Parizo Case definitely aligns Ver-
mont with those jurisdictions which hold that the trial court
has the power to set aside a verdict because of inadequacy of the
amount awarded and order a new trial, and that it can, for the
same reason, set aside the verdict as to damages only and order
a new trial on that issue alone, when it appears to the court,
in the exercise of a sound discretion, that a proper case exists
for such action on its part.

In that case this Court said, quoting Chief Justice Rugg in
*Simmons* v. *Fish,* 210 Mass. 563, 97 N. E. 102, Ann. Cas. 1912D,
588:

> ''If it (the trial court) is convinced upon a re-
> view of the whole case that the jury have settled
> the issue of liability fairly and upon sufficient evi-
> dence, so that disassociated from other questions it
> ought to stand as the final adjudication of the
> rights of the parties, and that there has been such
> gross error in the determination of damages as re-
> quires the setting aside of the verdict, that court
> has the power to do so, and confine a new trial to

damages alone. It is a power which ought to be exercised with great caution, with a careful regard to the rights of both parties, and only in those infrequent cases where it is certain and plain that the error which has crept into one element of the verdict by no means can have affected its other elements.''

It is further said in *Parizo* v. *Wilson, supra:*

''Where, from the inadequacy of the damages awarded, in view of the evidence on the subject and the conflict of the evidence upon the question of liability, or from other circumstances, the plain inference may be drawn that the verdict is the result of compromise, the error taints the entire verdict, and a new trial should be ordered upon all issues.''

The undisputed evidence in this case shows that the plaintiff was in the hospital for three weeks as a result of his injury; that his hospital bill was $60 and doctor's bill ''something over $200'' up to the time of the trial, and the doctor was still seeing him ''once a week or so''; that his nose was ''flattened right out'' by the injury and was repaired and splints put inside to hold it in place, which was a painful process; that a permanent scar had resulted extending the length of his nose, up over the forehead and into the eyebrow, that he suffered much pain while in the hospital and considerable pain during the three months thereafter that he was confined to the house; that he had suffered from headache and other pains, more or less, and also from nervousness until the time of the trial; that he was employed at his trade as a carpenter on a small job, at a wage of $5.50 per day, just prior to this injury; that he had had ''plenty of work'' at that wage during the previous year, but had sometimes turned down jobs to work for himself; that since the accident he had earned only about $200 which was for his services as a lister, and had done no other work except a little gardening and a little work on his wife's seven-acre farm; that he was unable, at the time of the trial, to do hard manual labor; that he was sixty-seven years of age. Plaintiff's evidence also tended

336

to show a fracture of the bone of the nose and of the skull, and impairment of the senses of smell, sight, and hearing, as to all of which defendant's experts testified that they found no evidence upon examination of the plaintiff except such impairment as they attributed to age. Neither did they concede that the X-ray picture (Plaintiff's Exhibit 4) indicated a fracture of the skull as claimed by the plaintiff's expert.

The only eyewitnesses of the accident were the plaintiff and the defendant, and there is little, if any, discrepancy in their stories as to what occurred, except that the defendant testified that he did not see the plaintiff until he hit him or until a second before the impact, and from this he reasons that the plaintiff must have stepped in front of the car just before being struck. The plaintiff testifies he was walking on the roadway, not more than one and one-half feet from the grass line on the right side, and that he did not change his course prior to being struck.

The black top surface of the road was 25 to 30 feet wide at the place where the accident occurred; there was a sidewalk on plaintiff's left side of the street on which there was water "over his rubbers," but no sidewalk on his right side. It had been raining and the road was wet. There was a slight curve in the road at the place of accident. There was no traffic on the road at that time to interfere with defendant's driving or with his vision. His headlights were on and he could see the road ahead by their light for a distance of 150 feet—also for some distance to the side of the road. There was a street light on the other side of the road nearly opposite the place of accident, and this was lighted. The plaintiff did not look back and he did not see or hear the defendant's car as it approached him from the rear.

In determining whether there was an abuse of discretion or its equivalent, the well-recognized test is whether the discretion of the court has been exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable. *Woodhouse* v. *Woodhouse*, 99 Vt. 91, 160, 130 Atl. 758; *Dyer* v. *Lalor*, 94 Vt. 103, 116, 109 Atl. 30; *New England Box Co.* v. *Tibbetts*, 94 Vt. 285, 290, 110 Atl. 434; *Parizo* v. *Wilson, supra*.

Applying this test, and having in mind that we are bound to indulge every reasonable presumption in support of the action of the trial court—(*Woodhouse* v. *Woodhouse*, 99 Vt.

91, 152, 130 Atl. 758; *Button* v. *Knight,* 95 Vt. 381, 115 Atl. 499), regardless of what this Court might have done under similar circumstances, we are unable to say that the trial court abused its discretion, either in setting aside the verdict and ordering a new trial, or in limiting the issue on such new trial to damages alone.

*Affirmed and remanded.*