David A. Lowe, M.D. v. Harry N. Beaty, C. A. Phillips,
University of Vermont Department of Medicine, et al.

[485 A.2d 1255]

No. 82-113

Present: Billings, C.J., Hill and Peck, JJ., and Larrow, J. (Ret.),
and Costello, D.J. (Ret.), Specially Assigned

Opinion Filed November 2, 1984

*Wool & Murdoch,* Burlington, for Plaintiff-Appellee.

*Matthew I. Katz* and *Karen McAndrew* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Defendants-Appellants.

Hill, J. The plaintiff, Dr. David A. Lowe, commenced this action for breach of contract against the defendants, the University of Vermont and Dr. Harry N. Beaty. Following a trial by jury, a verdict was rendered only against the University. This appeal by the University followed. There being insufficient evidence to support the jury's finding that a breach occurred, we reverse.

In determining on appeal whether or not to set aside the jury's verdict, we must look at the evidence in the light most favorable to the plaintiff, sustain the trial court's judgment if there is any evidence fairly and reasonably tending to support the verdict, and exclude the effect of modifying evidence. *O'Brien* v. *Dewey,* 120 Vt. 340, 346, 143 A.2d 130, 133 (1958). The pertinent facts, when viewed in the light most favorable to the plaintiff, are as follows.

In March of 1976, Dr. Lowe was hired by the University of Vermont Medical College to work for a two year term as an assistant professor, beginning July 1, 1976. The plaintiff's duties included teaching medical students, seeing patients within his specialty and engaging in research.

On January 19, 1977, Dr. Lowe had a meeting with Dr. Beaty, who had recently commenced his appointment as chairman of the Department of Medicine. During this meeting Dr. Beaty told him that his "academic training at the institution was limited and that [he] should plan to relocate as of July 1, 1977." The plaintiff was further informed that if he tried to stay, there was no guarantee what the University would do with respect to the portion of his salary received from the

University Associates in Medicine,* and furthermore that there would be no guarantees with respect to any office or laboratory space. Plaintiff's testimony indicates that he had no prior notice of any dissatisfaction with his work. He also stated that following his meeting with Dr. Beaty he had no question in his mind that it was Dr. Beaty's intent to have him leave by July 1, 1977. The following day, the plaintiff received a letter from Dr. Beaty summarizing the substance of their conversation. In that letter, the plaintiff was again strongly urged to relocate by July 1, 1977.

The plaintiff then sought to remain in his position until August of 1977 because his wife's academic program would not be completed until then. He was informed that he could remain until then on the conditions that he do all the unit's clinical work for that period and that he submit a letter of resignation. The plaintiff refused. One month later, in February of 1977, the plaintiff had a phone conversation with Dr. Beaty during which the plaintiff was again requested to submit his letter of resignation. Following this conversation, the plaintiff authorized his attorney to advise the University that he intended to bring suit for the breach of his employment contract. The plaintiff then commenced a job search hoping to find a similar position in the New England area. Finding no such position available, he decided to enter private practice in Rhode Island. During the next few months, the plaintiff spent both time and money travelling to Rhode Island and making preliminary arrangements necessary to commence in July his work in private practice.

In March of 1977, following the notice of the plaintiff's intent to commence a lawsuit, the plaintiff's attorney received a letter from the University's attorney indicating that the University intended to honor its two year employment contract with the plaintiff. The plaintiff continued to work at the University until July 1, 1977, at which time he left to establish his private practice in Rhode Island. On appeal, the anticipatory

---

* The plaintiff's salary was set in his contract by the University at $22,500 per year for the two year period. In addition to this, the plaintiff was entitled to receive up to an extra 23% of his salary from the University Associates in Medicine. For his first year at the University, the plaintiff received $27,500 plus $1000 in relocation expenses.

repudiation of the employment contract between the plaintiff and the defendant is at issue.

■■ The defendant's first argument is that the plaintiff failed to prove the existence of unequivocal statements sufficient to constitute an anticipatory breach of the contract. To constitute a repudiation, the defendant's statements must indicate a "positive and unequivocal refusal to perform" under the contract. *Carvage* v. *Stowell,* 115 Vt. 187, 192, 55 A.2d 188, 192 (1947). A repudiation before the time for performance constitutes an anticipatory breach of the agreement. *Id.* at 193, 55 A.2d at 192.

■ Upon reviewing the transcript, we find there was sufficient evidence presented to support the determination that the defendant's statements, made through its employee, Dr. Beaty, constituted a "positive and unequivocal" refusal on the part of the University to perform in accordance with the terms of the contract. In conversation, and later in a letter, Dr. Beaty "strongly urged the plaintiff to relocate as of July 1, 1977." Dr. Beaty also made statements regarding the uncertainty of the plaintiff's future salary, as well as the uncertainty of available office and lab space for the plaintiff. Furthermore, the plaintiff was twice requested to hand in his resignation. When he asked to stay on for an extra month, his request was granted but only subject to conditions which he found to be unacceptable. The combined effect of these statements and actions on behalf of the University is that there was a sufficient basis for the jury to find that the University positively and unequivocally expressed its intent not to abide by the terms of the contract and therefore breached its contract with the plaintiff.

■ The University next argues that even if Dr. Beaty's statements constituted a repudiation, the plaintiff cannot recover because he failed to materially change his position prior to receipt of the University's retraction. We agree. As a general rule, a repudiation can be withdrawn provided such withdrawal occurs before the injured party materially changes his position in reliance on the repudiation. *Refrigeradora Del Noroeste S.A.* v. *Applebaum,* 248 F.2d 858, 861 (7th Cir. 1957), *cert. denied,* 356 U.S. 901 (1958) ; *Taylor* v. *Johnston,* 15 Cal.

3d 130, 137–38, 539 P.2d 425, 430–31, 123 Cal. Rptr. 641, 646–47 (1975) ; *Helsley* v. *Anderson*, 519 S.W.2d 130, 133 (Tex. Civ. App. 1975) ; *Fischnaller* v. *Sumner*, 53 Wash. 2d 332, 336, 333 P.2d 636, 638 (1959) ; Restatement (Second) of Contracts § 256(1) (1981).

The testimony of the plaintiff indicates that before he received notice of the retraction by the University, he made inquiries about other similar positions in the area. Finding none available, he decided to give up his career in academic medicine and instead pursue a career in private practice. The evidence also shows that in furtherance of this decision, the plaintiff made some trips to Rhode Island and expended time and money making preliminary arrangements for this change. However, there is no evidence indicating that this was done before the plaintiff received notice of the University's retraction. Thus, the only actions taken by the plaintiff in reliance on the repudiation, and prior to the retraction, were making a few phone calls and changing his mind. These alone are insufficient as a matter of law to support a determination that the plaintiff materially changed his position in reliance on the defendant's repudiation. Absent a material change, the defendant's retraction nullifies its breach. *Refrigeradora Del Noroeste S.A.* v. *Applebaum, supra,* 248 F.2d at 861.

*Reversed and judgment entered for the defendant.*