## R. Edwin Jacobsen v. Kenneth Garzo

[542 A.2d 265]

No. 85-481

Present: **Peck, Dooley and Mahady, JJ., and Keyser, J. (Ret.) and Costello, D.J. (Ret.), Specially Assigned**

Opinion Filed January 15, 1988

*Carl H. Lisman* and *Mary G. Kirkpatrick* of *Lisman & Lisman*, Burlington, for Plaintiff-Appellee.

*Robert R. McKearin* of *Dinse, Erdmann & Clapp*, Burlington, for Defendant-Appellant.

**Mahady, J.** The issues presented in this appeal involve three tort claims and their interrelationships. The case requires us to more clearly define the tort of abuse of process. It also calls upon us to examine the relationships among that tort, the tort of malicious prosecution and tortious interference with contract.

Defendant had previously filed a lawsuit against the Stowe Board of Adjustment, its administrative officer, and plaintiff. In

that action, he sought an order in the nature of mandamus to compel the board of adjustment and its administrative officer to enforce a zoning bylaw against plaintiff. The superior court dismissed the action, holding that defendant lacked standing to bring the suit by reason of the fact that he was not an "interested person" within the meaning of 24 V.S.A. § 4464(b). This Court affirmed. *Garzo* v. *Stowe Board of Adjustment,* 144 Vt. 298, 476 A.2d 125 (1984).

In the present case, plaintiff claims that defendant committed three distinct torts when he filed the previous lawsuit: malicious prosecution, abuse of process and tortious interference with contractual relations. A jury trial was held. The jury returned a verdict for defendant on the claim of malicious prosecution; it returned verdicts for plaintiff on his claims for abuse of process and tortious interference with contractual relations. Defendant thereupon brought this appeal.

The following issues, raised below by defendant's various motions to dismiss, for a directed verdict, and for judgment notwithstanding the verdict, are presented:

1) In a claim for abuse of process, must the plaintiff establish misuse or abuse of the process itself?

2) May a claim for tortious interference with contractual relations be predicated upon the filing of a lawsuit or is a claim for malicious prosecution or abuse of process the exclusive remedy available under such circumstances?

We conclude that such misuse or abuse of the process itself must be established and that the filing of a lawsuit may not be the predicate for a claim of tortious interference under the circumstances of this case. Accordingly, we reverse as to the claims for abuse of process and tortious interference.

I.

As to the claim for abuse of process, this court must view the facts in the light most favorable to plaintiff by reason of the jury verdict in his favor. *Lowe* v. *Beaty,* 145 Vt. 215, 216, 485 A.2d 1255, 1256 (1984). So viewed, defendant filed the previous mandamus action against plaintiff, the board of adjustment and the administrative officer for the ulterior purpose of delaying or

preventing the sale of a restaurant by plaintiff to a national fast-food restaurant chain.

Plaintiff admits that the gravamen of his complaint for abuse of process was the filing of the earlier lawsuit by defendant with such an ulterior motive or ulterior purpose. Therefore, the issue is squarely presented: Does the tort require an improperly used writ, summons, mandate or other legal instrument issued by a court of law or simply proof that a defendant has improperly used the "machinery of the law" to attain some collateral objective outside the scope or purpose of the lawsuit?

The tort now known as abuse of process first appeared in *Grainger* v. *Hill*, 132 Eng. Rep. 769 (N.C. 1838). That court held the action was properly brought because "the process of the law has been abused, to effect an object not within the scope of the process." *Id.* at 773. With regard for our particular inquiry, it is important to note that the court specifically observed that certain instructions given by the defendant to the sheriffs concerning execution of the process there involved were such that the process would accomplish results (the surrender by plaintiff of specified documents) which "were no part of the duty enjoined by the writ." *Id.* The seminal case, therefore, required an improperly used process, not merely an improper or ulterior motive.

Likewise, a leading commentator has written of this tort that "there is no liability where the defendant has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." Prosser and Keeton on the Law of Torts § 121, at 898 (5th ed. 1984). This comment is consistent with the holding of the *Grainger* court.

It is also consistent with the holding of this Court: "[t]o state a claim for the . . . tort of abuse of process, a complaint must allege that the defendant made an improper, illegal, or unwarranted use of court processes with an ulterior motive or for an ulterior purpose, which produced damage to the plaintiff." *Levinsky* v. *Diamond*, 140 Vt. 595, 600, 442 A.2d 1277, 1280 (1982) (citations omitted). In other words, "the *proper* use of . . . legal process (even though used for a bad intention and to satisfy malicious intentions) is not actionable." Goldoftas, *Abuse of Process*, 13 Clev.-Marsh. L. Rev. 163, 163 (1964) (emphasis in original).

A majority of courts in other jurisdictions appear to have reached a like conclusion. See, e.g., *Jones* v. *Brockton Public Markets, Inc.*, 369 Mass. 387, 340 N.E.2d 484 (1975); *Holiday*

*Magic, Inc.* v. *Scott*, 4 Ill. App. 3d 962, 282 N.E.2d 452 (1972); *Herring* v. *Citizens Bank & Trust Co.*, 21 Md. App. 517, 321 A.2d 182 (1974); *Bosler* v. *Shuck*, 714 P.2d 1231 (Wyo. 1986); *Sage International, Ltd.* v. *Cadillac Gage Co.*, 556 F. Supp. 381 (E.D. Mich. 1982). But see *Three Lakes Association* v. *Whiting*, 75 Mich. App. 564, 255 N.W.2d 686 (1977).

Considerations of sound public policy also support this result. Free and uninhibited access to the courts is an important right of all citizens. Indeed, in Vermont this right is recognized by our fundamental law. Vt. Const. ch. I, art. 4.

Remedies are available to those who are harmed by abuses of this right of access to legal process. However, those remedies are carefully limited so as not to produce an unwarranted chilling effect on the exercise of the right. In an action for abuse of process, a plaintiff need not plead and prove a termination of the previous litigation favorable to the plaintiff but must show an actual abuse of the process of the courts. With regard to the related but separate and distinct tort of malicious prosecution, *Levinsky* v. *Diamond*, 140 Vt. at 600, 442 A.2d at 1280, a plaintiff need not plead and prove an actual abuse of any particular process but must establish a favorable termination of the earlier and maliciously motivated litigation. See *Anello* v. *Vinci*, 142 Vt. 583, 586-87, 458 A.2d 1117, 1119 (1983). These carefully limited remedies provide protection against the more egregious abuses of the justice system but do not needlessly chill the fundamental right of access to the courts. In short, the law successfully accommodates these two competing societal interests.

Therefore, we hold that a plaintiff alleging the tort of abuse of process must plead and prove: 1) an illegal, improper or unauthorized use of a court process; 2) an ulterior motive or an ulterior purpose; and 3) resulting damage to the plaintiff. These elements are separate and distinct.

In this case, plaintiff's pleadings alleged, and his proof tended to show, that defendant filed the previous lawsuit for an ulterior purpose or improper motive. However, the filing of the lawsuit and the summons which notified plaintiff of the action accomplished that which the law intends. There was no improper or unauthorized use of legal process. Therefore, plaintiff failed as a matter of law to establish his claim for abuse of process. The trial court should have granted defendant's motion for a directed verdict or his motion for judgment notwithstanding the verdict.

## II.

Vermont, of course, provides an action for tortious interference with contractual relations. *Mitchell* v. *Aldrich*, 122 Vt. 19, 22-23, 163 A.2d 833, 835-36 (1960). This right of action recognizes the broad social policy of protecting one's "interest in reasonable expectations of economic advantage," *Giroux* v. *Lussier*, 127 Vt. 520, 523, 253 A.2d 151, 154 (1969), as well as the right to pursue one's business "free from undue interference or molestation." *Louis Kamm, Inc.* v. *Flink*, 113 N.J.L. 582, 586, 175 A. 62, 66 (1934). Therefore, "[o]ne who unjustifiably interferes with the contract of another is guilty of a wrong and must pay for that mischief." *Giroux* v. *Lussier*, 127 Vt. at 523, 253 A.2d at 154.

However, *Mitchell, Giroux* and our other more recent tortious interference cases, see, e.g., *Vermont National Bank* v. *Dowrick*, 144 Vt. 504, 481 A.2d 396 (1984), had no occasion to, and did not, discuss any counter-policy in favor of free access to the courts.

Here, the tension between these considerations must be resolved. The tortious act alleged by plaintiff in this case is the filing of a lawsuit, which was litigated and determined favorably to plaintiff. He filed this action for malicious prosecution, which was submitted to the jury.

As noted above, free access to the courts is an essential right recognized by our state constitution. To curb the more serious abuses of that right two carefully restricted torts are recognized: abuse of process and malicious prosecution. If the well-reasoned balance thereby struck between free access and remedy for serious abuse "is really to mean anything then we must not permit . . . circumvention by affording an . . . unrestricted action under a different label." *Rainier's Dairies* v. *Raritan Valley Farms, Inc.*, 19 N.J. 552, 564, 117 A.2d 889, 895 (1955).

▮ Therefore, we hold that a claim for tortious interference with contractual relations cannot be predicated upon an allegedly improper filing of a lawsuit. The appropriate remedy, if any, lies in an action for malicious prosecution because this tort operates to protect the counter-policy of free access to the courts. *Id.*

In this case, plaintiff's action for tortious interference was admittedly based entirely upon defendant's filing of the previous lawsuit. For the reasons stated above, as a matter of law, the filing of a lawsuit alone cannot constitute tortious interference with contractual relations. Accordingly, the trial court should have

granted defendant's motion for a directed verdict or his motion for judgment notwithstanding the verdict.

## III.

Plaintiff's counts for abuse of process and for tortious interference with contractual relations therefore did not lie as a matter of law. The count for malicious prosecution was properly submitted to the jury, which returned a verdict on that count in favor of defendant. Plaintiff did not cross-appeal. As such, final judgment may be entered in this Court.

*Reversed as to the claims for abuse of process and tortious interference; affirmed as to claim for malicious prosecution; judgment entered for defendant on all three counts.*