### Dick Blydenstein, et al. v. Rinald Precourt

[541 A.2d 1198]

No. 86-536

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed January 15, 1988

*Carl H. Lisman* and *Thomas D. Roberts* of *Lisman & Lisman,* Burlington, for Plaintiffs-Appellants.

*Stuart M. Bennett, P.C.,* Shelburne, for Defendant-Appellee.

**Mahady, J.** The present appeal arises from a claim for abuse of process. The jury returned a verdict in favor of plaintiffs. The trial court, however, granted defendant's motion for judgment notwithstanding the verdict, and plaintiffs appealed. We affirm.

Plaintiffs claim that the alleged tort was committed when defendant filed a notice of appeal to this Court from a decision of

the superior court. That decision concerned an appeal from the Shelburne Board of Adjustment. There was no abuse of the process itself; the notice of appeal accomplished that which it is legally intended to do, namely, to bring the cause to this Court for review. However, plaintiffs alleged, and their evidence tended to show, that defendant filed the notice of appeal with an ulterior purpose or improper motive.

The issue presented therefore is whether the tort of abuse of process requires an actual abuse or misuse of a court process itself. That issue was resolved by our decision in *Jacobsen* v. *Garzo*, 149 Vt. 205, 542 A.2d 265 (1988), in which we held that such an actual abuse or misuse of a court process itself is required.

The trial judge reached a similar conclusion and on that basis properly granted defendant's motion for judgment notwithstanding the verdict.

*Affirmed.*