566 So.2d 1345 (1990)
In re ESTATE OF Edward L. JOHNSON, Jr., Deceased.
No. 89-1281.
District Court of Appeal of Florida, Fourth District.
September 12, 1990.
*1346 Donald G. Proctor, Deerfield Beach, for appellant/cross-appellee.
C. Lavon Ward, Fort Lauderdale, (withdrawn as counsel after filing briefs) and Charles L. Curtis of Allsworth, Doumar, Cazel, Curtis and Cross, Fort Lauderdale, for appellees/cross-appellants.
WARNER, Judge.
This is an appeal by an attorney for the estate from an order awarding attorney's fees. The attorney claims that the court erred in setting aside the contingency contract between the parties. We agree.
The estate's decedent died in 1975 with many tax problems. In 1984 the appellant was hired as attorney and personal representative of the estate. At the time he had an understanding with the surviving spouse and one other beneficiary that he would charge $150 per hour for all services except tax litigation for which he would charge $250 per hour.
When the IRS finally sent a letter of deficiency for 1974 taxes (Case I) which with penalties and interest would have exhausted about 75% of the estate, appellant proposed new alternative fee arrangements, including an hourly rate, contingency fee, and assignment of a share of the estate. It is apparent from appellant's letter suggesting fee arrangements that he contemplated the possibility of more assessments for the year 1975. The beneficiaries all agreed in writing to a contingency fee arrangement for tax litigation services based upon the total the estate would save if the tax litigation successfully reduced the estate's liabilities.
In January of 1987, the IRS did in fact make an assessment for 1975 and also for 1972 and 1973 (Case II). Upon receipt of these letters appellant again wrote the beneficiaries enclosing these letters of deficiency and noting the following:
Since the IRS claims substantially exceed the assets of the estate, I can find no contingency fee basis which would be fair to all the heirs and myself. Accordingly, it is my intention to charge the *1347 estate a straight $250 per hour until such time (if ever) that all claims can be consolidated into one trial. At that time, I will contact the heirs to negotiate a reduced hourly basis or any other mutually agreeable solution.
No response was received from any of the beneficiaries. The two who testified at the attorney's fees hearing stated that they thought this letter meant that appellant was going to charge the estate on a straight hourly basis rather than on the contingency fee they had agreed to. Both beneficiaries specifically stated, however, that they did not enter into an agreement to change the fee basis at that time. Appellant denied that he intended to change the agreement as to Case I but was making a new agreement as to Case II.
The appellant successfully challenged the IRS claims and notified all the beneficiaries in May of 1988 that no taxes would be due from the estate. At the same time he enclosed a computation of his contingency fee on case I, the 1974 tax case, and a separate hourly billing for case II, the 1972, 1973 and 1975 deficiency. One beneficiary testified that upon receipt of this letter, she called appellant to question the contingent fee, as she believed that the letter of January, 1987 had converted the entire litigation to an hourly rate fee basis. The beneficiary had her California attorney write a letter of objection. That letter nowhere questions the amount of the fees but concerns their allocation between the beneficiaries and the surviving spouse. However, upon the filing of the Petition for Discharge and Approval of Final Accounting, two of the beneficiaries objected to the attorney's fees. The court set a hearing on the attorney's fees issue and found in its order that the contingency fee contracts initially signed by the beneficiaries were "nullified by petitioner's action (letter) of January 12, 1987." The court found that the final agreement between appellant and the beneficiaries was for an hourly rate. Noting that the alleged savings to the estate through the litigation of the first case exceeded the assets of the estate, the court rejected the contingency agreement and determined the fee on an hourly basis, ordering repayment to the estate of amounts in excess of that fee.
Section 733.617 (1987), Florida Statutes, governs the assessment of fees in this probate estate. That statute provided, in part:
(3) No compensation shall be paid to the personal representative or attorneys, unless, prior to payment:
(a) All persons bearing the impact of the payment have consented to the compensation or the method of determining compensation in a signed writing filed in the proceeding; or
(b) The court has ordered the payment following notice of the petition to all persons bearing the impact of the payment.
In compliance with that statute, appellant sought and obtained the written consent of the beneficiaries to a contingency fee agreement to cover the tax litigation. The trial court held that this contract was "nullified" by appellants' letter of January 1987 and the final "agreement" reached was for an hourly rate charged. However, both objecting beneficiaries testified that they never made such an agreement, and there was no written consent to an hourly fee arrangement. Therefore, the trial court erred in finding that a substitute agreement was reached.
Appellant strenuously argues that he was not modifying the agreement with respect to the contingent fee on case I but was simply making a new arrangement for case II. There is merit in his position upon a review of the facts. However, this case can be disposed of on grounds other than a reversal on sufficiency of the evidence.
The first issue is whether the contingent fee contract could be "nullified" by appellant's letter. We think the more appropriate term is "modified." However, whether the January 1987 letter is termed a modification or a novation, (substituting the contingency fee with an hourly rate charge), it must be mutually agreed to by the parties to the contract as well as supported by consideration. See Newkirk Construction Corp. v. Gulf County, 366 So.2d 813 (Fla. 1st DCA 1979) (modification); *1348 Miami National Bank v. Forecast Construction Corp., 366 So.2d 1202 (Fla. 3d DCA 1979) (as to novation). Here, the beneficiaries testified that they did not agree to any new arrangement nor was there any consideration for the modification. Therefore, appellant's letter could not be a modification of the contingent fee contract.
If by the term "nullify," the trial court meant that appellant had repudiated the contingent fee contract, this too furnishes no basis for voiding the contract under the facts of this case, as appellant's May 1988 letter clearly waived any repudiation of the contingent fee agreement. While there are no Florida cases on point, the Restatement of Contracts 2d, § 256 considers the effect of a waiver of a repudiation of a contract:
§ 256. Nullification of Repudiation or Basis for Repudiation.
(1) The effect of a statement as constituting a repudiation under § 250 or the basis for a repudiation under § 251 is nullified by a retraction of the statement if notification of the retraction comes to the attention of the injured party before he materially changes his position in reliance on the repudiation or indicates to the other party that he considers the repudiation to be final.
See Lowe v. Beaty, 145 Vt. 215, 485 A.2d 1255 (1984), Taylor v. Johnston, 15 Cal.3d 130, 123 Cal. Rptr. 641, 539 P.2d 425 (1975), both applying the Restatement provision.
In the instant case, while the trial court found that appellant had "nullified" or repudiated the contingency contract, it is undisputed from the evidence that the beneficiaries in no way changed their position in reliance on the alleged repudiation. In fact the beneficiaries did nothing at all. Thus, if appellant's January 1987 letter repudiated the contingency fee agreement, his later letter of May 1988 clearly nullified the repudiation prior to any action in reliance on it.
We therefore hold that the trial court erred in treating the contingency fee agreement as a nullity. We reverse and remand for the court to assess the fee for tax case I in compliance with the contingency fee agreement consented to by the beneficiaries. The trial court appropriately noted in its order that the tax savings exceeded the amount of the estate. The contingency fee agreement provided that the fee would be based on a percentage of the total taxes, penalties and interest which the estate saves. Clearly, the estate can save no more than its total value. Therefore, the contingency must be based on no greater figure than the estate's value. Furthermore, there may be other questions regarding the calculation of the fees, including the interest calculation, and the trial court may take additional evidence regarding these matters.
The appellees also cross appealed a separate and distinct order regarding dower. While this was not technically a cross appeal, it was a timely filed appeal as to the order sought to be appealed. However, we find no error in the order challenged by appellees.
Reversed and remanded for further proceedings on the order awarding attorney's fees.
DELL, J., concurs.
LETTS, J., dissents without opinion.