Von Weingarten v. Chester

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 28th day of August, two thousand twenty.

Present:     ROSEMARY S. POOLER,
             PETER W. HALL,
             DENNY CHIN,
                  *Circuit Judges*.
_____

ALBERT VON WEINGARTEN, MARY VON WEINGARTEN,

             *Plaintiffs-Appellants*,

             v.                                                    19-2932-cv

LONNIE CHESTER,

             *Defendant-Appellee*.
_____

Appearing for Appellant:      Harold B. Stevens, Stowe, VT.

Appearing for Appellee:       Duncan F. Kilmartin, Newport, VT.
                              Thomas E. McCormick (*on the brief*), Burlington, VT.

Appeal from the United States District Court for the District of Vermont (Reiss, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Appellants Albert and Mary Von Weingarten appeal from the August 28, 2019 order of the United States District Court for the District of Vermont (Reiss, *J.*) granting defendant Lonnie Chester's motion for summary judgment on their claims for malicious prosecution, abuse of process, and maladministration of an estate. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Grants of summary judgment are reviewed de novo and will be upheld only when, "construing all the evidence in the light most favorable to the [nonmoving party] and drawing all reasonable inferences in that party's favor, there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 19 (2d Cir. 2014) (internal quotation marks and citation omitted).

We turn first to the Von Weingartens' malicious prosecution claim. Under Vermont law, "[i]n order to recover for malicious prosecution, a plaintiff must demonstrate that a party instituted a proceeding against the individual without probable cause, that the party did so with malice, that the proceeding terminated in that individual's favor, and that the individual suffered damages as a result of the proceeding." *Siliski v. Allstate Ins. Co.*, 811 A.2d 148, 151 (Vt. 2002). A voluntary dismissal may be considered a favorable termination "if the dismissal somehow indicates that the defendant is innocent of wrongdoing." *Id.* at 151-52. "On the other hand, if the reason for dismissal is not inconsistent with a defendant's wrongdoing, it will not be considered a favorable termination." *Id.* at 152 (internal quotation marks and citation omitted).

We agree with the district court that the proceeding at issue in this case—the Vermont Superior Court suit—was not terminated in the Von Weingartens' favor. Although the Von Weingartens argue that it was favorably terminated because the settlement provided that they pay only $50,000, which is much less than the amount Chester originally sought against them, the settlement noted that neither party admitted fault. Therefore, the settlement itself "is not inconsistent" with the Von Weingartens' wrongdoing, and thus it cannot constitute a favorable termination. *See Siliski*, 811 A.2d at 152. The district court's grant of summary judgment to Chester on this claim was not erroneous.

We next turn to the district court's grant of summary judgment to Chester on the Von Weingartens' abuse of process claim. The Von Weingartens' argument on this point, which spans two paragraphs in total, merely reiterates their arguments as to why the district court erred in granting summary judgment on the malicious prosecution claim. We accordingly conclude that the Von Weingartens have waived any challenge to the district court's decision on this issue. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

The final issue we take up is whether the district court properly concluded that the Von Weingartens' maladministration of an estate claim fails as a matter of law because the Vermont Supreme Court would most likely not recognize that cause of action. "Where the substantive law of the forum state is uncertain or ambiguous, the job of the federal courts is carefully to predict how the highest court of the forum state would resolve the uncertainty or ambiguity." *State Farm Mut. Auto. Ins. Co. v. Mallela*, 372 F.3d 500, 505 (2d Cir. 2004) (internal quotation marks and citation omitted).

We agree with the district court that the Vermont Supreme Court would likely not recognize a separate cause of action for maladministration of an estate, at least on these facts, for a number of reasons. First, the Restatement (Second) of Torts does not recognize a cause of action for maladministration of an estate, and the Vermont Supreme Court has frequently looked to the Restatements for guidance. *See Skaskiw v. Vt. Agency of Agric.*, 112 A.3d 1277, 1283 (Vt. 2014) (looking to the Restatement (Second) of Torts, provisions of which it has "frequently . . . adopted," in addressing a defamation claim); *cf. Birchwood Land Co. v. Krizan*, 115 A.3d 1009, 1012 (Vt. 2015) (noting that the court "frequently [has] adopted provisions of [the Restatement (Third) of Restitution & Unjust Enrichment] where our law is undeveloped").

Second, Vermont has a detailed procedure for adjudicating concerns regarding a probate estate's administration. *See* Vt. Stat. Ann. tit. 5, § 35; Vt. Stat. Ann. tit. 14, § 917. These aspects of state law further suggest that any claims for maladministration would not be recognized independent from the typical probate process.

As the district court noted, the Vermont Supreme Court does not affirmatively recognize a cause of action for maladministration of an estate outside the context of probate proceedings nor is it likely to do so. The Vermont Supreme Court has explained:

> [F]ree access to the courts is an essential right recognized by our state constitution. To curb the more serious abuses of that right two carefully restricted torts are recognized: abuse of process and malicious prosecution. If the well-reasoned balance thereby struck between free access and remedy for serious abuse is really to mean anything then we must not permit . . . circumvention by affording an . . . unrestricted action under a different label.

*Jacobsen v. Garzo*, 542 A.2d 265, 268 (Vt. 1988) (internal quotation marks and citation omitted). "Maladministration" is not one of the "two carefully restricted torts" recognized under Vermont law in this context. Further, the Von Weingartens' attempt to bring a maladministration claim is exactly the type of "circumvention" that the Vermont Supreme Court said it would "not permit." Just as the Vermont Supreme Court held "that a claim for tortious interference with contractual relations cannot be predicated upon an allegedly improper filing of a lawsuit," *id.*, so too would it hold that a claim for maladministration of an estate cannot be based on an executor's filing and pursuit of a lawsuit. The Von Weingartens' "appropriate remedy, if any, lies in an action for malicious prosecution because this tort operates to protect the counter-policy of free access to the courts." *Id.* As we explained above, however, their claim for malicious prosecution fails.

3

We have considered the remainder of the Von Weingartens' arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4