Vermont Superior Court
Filed 01/22/24
Chittenden Unit

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street, PO Box 187
Burlington VT  05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-03430

| Hajrija Karic v. Vermont CVS Pharmacy, LLC., et al |
| --- |

# ENTRY REGARDING MOTION

Title:  Motion for Summary Judgment; Motion for Summary Judgment; Motion for Summary Judgment (Motion: 7; 8; 9)
Filer:  Brian A. Suslak; Ines Cristina Rousseau; Gary Michael Burt
Filed Date:  November 20, 2023; December 01, 2023; December 04, 2023

This case assert claims for intentional infliction of emotional distress (IIED), trespass, and invasion of privacy based upon service of deposition subpoenas by Defendant Jennifer Martin and Queen City P.I. Ms. Martin and Queen City counterclaim for abuse of process based upon the filing of this case. Defendants move for summary judgment on Plaintiff's claims, and Plaintiff moves for summary judgment on the counterclaims.

## Motion of Martin and Queen City (Motion 7)

Martin and Queen City seek summary judgment on Plaintiff's claims, arguing that she does not have sufficient evidence to establish IIED or trespass.

To establish IIED, a plaintiff must show ""outrageous conduct, done intentionally or with reckless disregard of the probability of causing emotional distress, resulting in the suffering of extreme emotional distress, actually or proximately caused by the outrageous conduct." Davis v. Am. Legion, Dep't of Vermont, 2014 VT 134, ¶ 19, 198 Vt. 204 (quoting Fromson v. State, 2004 VT 29, ¶ 14, 176 Vt. 395). The defendant's actions

must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decent and tolerable conduct in a civilized community and be regarded as atrocious and utterly intolerable." Id. ¶ 20 (quoting Cate v. City of Burlington, 2013 VT 64, ¶ 28, 194 Vt. 265). The conduct "must cause the plaintiff to suffer distress so severe that no reasonable person could be expected to endure it." Id. (citation omitted).

All that Karic alleges is that Martin, after coming to serve a subpoena at a time when family were present to mourn a death in the family, did not leave when asked, was there for 15 minutes, and "mocked and taunted" Karic. Karic also alleges that her pre-existing anxiety was worsened, but she has sought no treatment for it whatsoever. Even if proven, these facts could not lead any reasonable jury to find that the high threshold for IIED has been met. Instead, they are the precise sort of "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities" that cannot establish IIED. Denton v. Chittenden Bank, 163 Vt. 62, 66 (1994). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." Gallo v. Prudential Residential Servs., Ltd. P'ship, 22 F.3d 1219, 1224 (2d Cir. 1994). [1]

As for the trespass claim, the facts are in dispute as to whether Martin left promptly when asked to, or stayed for 15 more minutes. "A person who intentionally

---

[1] The motion does not address invasion of privacy. However, it is unclear whether that was intended as a claim separate from the trespass claim, as it was not separately pled. To the extent that it was intended as a separate claim, it fails. "Invasion of privacy is an intentional interference with [a person's] interest in solitude or seclusion, either as to [the] person or as to [the person's] private affairs or concerns, of a kind that would be highly offensive to a reasonable [person]. The intrusion must be substantial." Denton, 163 Vt. at 69 (quotations omitted); see also, Weinstein v. Leonard, 2015 VT 136, ¶¶ 30-32, 200 Vt. 615. As a matter of law, the facts here fail that test.

enters or remains upon land in the possession of another without a privilege to do so is subject to liability for trespass." Jones v. Hart, 2021 VT 61, ¶ 66, 215 Vt. 258 (citing Harris v. Carbonneau, 165 Vt. 433, 437 (1996)). It is "liability-producing regardless of the degree of harm the invasion cause[s]." Id. (quoting Adams v. Cleveland-Cliffs Iron Co., 602 N.W.2d 215, 219 n.9 (Mich. App. 1999)). Since Karic alleges no actual harm from the alleged 15-minute trespass, she would be entitled to no more than nominal damages. Nonetheless, she is entitled to proceed on that claim. *See* Jones, 2021 VT 61, ¶ 66 ("Plaintiffs showing a direct and tangible invasion of their property may obtain injunctive relief and at least nominal damages without proof of any other injury.").

## Motion of CVS Pharmacy (Motion 9)

CVS Pharmacy is sued under a respondent superior theory, as Martin was serving a subpoena on its behalf. CVS moves for summary judgment on the same grounds as those asserted by Martin and Queen City, and the court's ruling is the same.

## Motion of Plaintiff (Motion 8)

Plaintiff moves for summary judgment on Defendants' counterclaim for abuse of process. What Martin and Queen City assert is that "Plaintiff has filed the instant lawsuit against Martin and Queen City for the sole purpose of impeding discovery in the Underlying Lawsuit and preventing Martin from carrying out her duly-authorized professional work in the State of Vermont." Counterclaim ¶ 11. They say that "Plaintiff's filing of the instant lawsuit against Martin and Queen City constitutes an improper, unwarranted use of court processes with an ulterior motive and purpose, i.e., to impede and prevent appropriate discovery from occurring in the Underlying Lawsuit." Id. ¶ 12.

They say they have "sustained damages, including, but not limited to, reputational damage, loss of business revenue, increased insurance premiums, and attorneys' fees and costs in defending against the instant lawsuit." Id. ¶ 13.

Martin testified at deposition that she believed this suit was aimed at discouraging her from serving further subpoenas at Plaintiff's residence. She further testified that she has lost time due to dealing with this suit, expects her insurance premiums to go up as a result of it, and may in the future suffer reputational harm and/or have to pay attorney's fees.

To prove a claim for abuse of process, a party must show "(1) an illegal, improper or unauthorized use of a court process; 2) an ulterior motive or an ulterior purpose; and 3) resulting damage to the plaintiff." Weinstein v. Leonard, 2015 VT 136, ¶ 22, 200 Vt. 615 (quoting Jacobsen v. Garzo, 149 Vt. 205, 208 (1988)). The fact that a claim is frivolous is not enough, even if the intent is malicious. Id. The party must show that "the *processes* of the court have themselves been used improperly." Id. (quotation omitted; emphasis added). The mere filing of suit cannot constitute abuse of process: "[A] party does not abuse the legal process merely by filing suit. This is true regardless of the plaintiff's motive." Doctor's Assocs., Inc. v. Weible, 92 F.3d 108, 114 (2d Cir. 1996). "Rather, liability for abuse of process lies only when the offending party overtly misuses the process once the proceeding has begun." Id. (citing cases). "In short, no matter what misconduct by the tortfeasor occurs before the commencement of suit, it is not, in itself, an abuse of process because there is not yet process to abuse." Id.

All that Martin and Queen City point to here is the filing of this suit. They cite no misuse of a subpoena in this case, or the seeking of an oppressive attachment, or

anything similar. *See, e.g.*, <u>Weinstein</u>, 2015 VT 136, ¶ 25. The suit may be frivolous, but it cannot meet the legal test for abuse of process. "[S]eeking 'to gain tactical advantage in . . . another litigation' is not an abuse of process." <u>Wolfe v. Enochian BioSciences Denmark ApS</u>, No. 2:21-CV-00053, 2022 WL 656747, at *11 (D. Vt. Mar. 3, 2022) (quoting <u>HC2, Inc. v. Delaney</u>, 510 F. Supp. 3d 86, 107 (S.D.N.Y. 2020) (applying New York law). "Skillful lawyers not infrequently take advantage of whatever forums are available to them to prevail either in the prosecution of a lawsuit or in the defense of another lawsuit. Such conduct is part of the litigation process; it is not tortious." <u>Id</u>. (quoting <u>HC2</u>, 510 F. Supp. 3d at 107). In sum, "[t]he defense to purportedly frivolous litigation is generally to prevail in that litigation, not to seek a state-law tort remedy." <u>HC2</u>, 510 F. Supp. 3d at 107.

## Order

The defendants' motions are granted as to the claim for IIED but denied as to the claim for trespass. Plaintiff's motion for summary judgment on the counterclaim is granted. The case shall be set for jury draw.

Electronically signed on January 22, 2024 pursuant to V.R.E.F. 9(d).

_____
Helen M. Toor
Superior Court Judge