399 So.2d 500 (1981)
Virgil V. WISE, Appellant,
v.
T.J. TUCKER, Appellee.
No. 78-753.
District Court of Appeal of Florida, Fourth District.
June 10, 1981.
*501 Joel T. Daves, III, of Burdick & Daves, West Palm Beach, for appellant.
William H. Pruitt of Pruitt & Gay, West Palm Beach, for appellee.
PER CURIAM.
Virgil V. Wise seeks review of a final judgment entered against him following jury trial of a contract action. The events leading up to this judgment are as follows:
In 1972, Wise conveyed two parcels of real property to appellee, T.J. Tucker, by two separate deeds, taking back a mortgage on each parcel as part consideration. On April 22, 1975, Wise instituted foreclosure proceedings as to one parcel, alleging that Tucker had defaulted on the mortgage. On November 12, 1975, during the pendency of the foreclosure suit, Wise and Tucker executed a written agreement, prepared by Tucker's attorney, which provided, in part:
4. Upon consideration of T.J. Tucker obtaining a $25,000.00 loan through the Small Business Administration, Virgil V. Wise agrees to reinstate the mortgage.
5. If said loan is obtained Virgil V. Wise agrees to permit T.J. Tucker to make all of the payments now in arrears on the mortgage of the East 100' of Lot 8, Block I, replat of Loxahatchee District, Subdivision, Loxahatchee Groves, Book 12, page 29, and further, that T.J. Tucker agrees to pay one (1) year mortgage in advance, if said loan is obtained.
6. If the SBA loan is disapproved for any reason, Virgil V. Wise agrees to give right of redemption to T.J. Tucker by allowing him nine (9) months to make payments on the arrearage of said mortgage on East 100' of lot 8, Block I.
However, neither Tucker nor Wise informed the court of this agreement and, therefore, the court had no knowledge of the nine-month extension provision. This being the case, it entered a final judgment of foreclosure on February 11, 1976, finding that Wise was entitled to judgment as a matter of law.
The property was noticed for public sale and sold to Wise on March 8, 1976. At this point, Tucker hired another attorney who unsuccessfully moved to set aside the final judgment of foreclosure and to cancel the certificate of title on fraudulent procurement grounds, citing the extension provision of the November 12th agreement as a basis. No appeal was taken in this foreclosure action.
On October 21, 1976, Tucker filed the complaint in the instant action seeking specific *502 performance and damages for breach of the aforementioned agreement in that Wise failed to honor the nine-month extension to satisfy the arrearage. In response, Wise filed a motion to dismiss the action as being a collateral attack on the judgment of foreclosure. Following denial of this motion, Wise filed an answer designating res judicata and collateral estoppel as affirmative defenses. While the court found that Tucker was not entitled to specific performance and dismissed that count of the complaint, the damages count proceeded to trial and resulted in a jury verdict in Tucker's favor. Final judgment was entered thereon and this appeal ensued.
Under the doctrine of res judicata, a final judgment or decree on the merits, by a court of competent jurisdiction, constitutes an absolute bar to a subsequent suit on the same cause of action, and concludes all issues which were raised or could have been raised in the action. Coulter v. Davin, 373 So.2d 423 (Fla. 2d DCA 1979); Golden View Condominium, Inc. v. City of Hallandale, 279 So.2d 323 (Fla. 4th DCA), cert. denied, 288 So.2d 258 (Fla. 1973). As to defenses, however, there is authority that identity of the causes of action is not required:
[D]espite the general rule that an adjudication in an action involving a different cause of action does not preclude matters which were not actually litigated, the doctrine of res judicata has been declared to be applicable to defenses which were not, but could have been, raised and determined in a prior action, so that a defendant who fails to set up an available defense in a prior action is concluded as to its existence by the prior adjudication, even though the subsequent action involves a different cause of action.
19 Fla.Jur. Judgments and Decrees § 127 (footnotes omitted). This exception for defenses was also noted in 46 Am.Jur.2d Judgments § 431:
There are many cases in which the doctrine of res judicata is held or declared to be applicable to defenses which were not raised, but which could properly have been considered and determined, in the prior action, so that if the defendant neglects to set up the defense he is concluded as to the existence thereof by the judgment rendered in the action. This rule has been held or declared to be applicable even though the subsequent action involves a different cause of action, notwithstanding the general rule that a judgment rendered in an action involving a cause of action different from that involved in a subsequent action is not conclusive as to matters not litigated in the former action.
(Footnotes omitted).
See also, Florida Real Estate Comm'n v. Harris, 134 So.2d 785 (Fla. 1961), appeal dismissed, 371 U.S. 7, 83 S.Ct. 19, 9 L.Ed.2d 47 (1962).
Thus, a defendant who fails to raise an available defense will be precluded from arguing its existence in a subsequent action, even where the later action involves a different cause of action. Applying these principles, we find that since Tucker failed to raise the November agreement as a defense in the foreclosure action, he is now estopped from using it as a basis for this contract action.
The same result is reached in this case by applying the doctrine of estoppel by judgment. Though similar to res judicata, this doctrine applies where two suits involve different causes of action, but it only precludes relitigation of those issues which were actually litigated and determined in the prior action. Gordon v. Gordon, 59 So.2d 40 (Fla.), cert. denied, 344 U.S. 878, 73 S.Ct. 165, 97 L.Ed. 680 (1952); City of Bartow v. Public Employees Relations Comm'n, 382 So.2d 311 (Fla. 2d DCA 1979); Burleigh House Condominium, Inc. v. Buchwald, 368 So.2d 1316 (Fla. 3d DCA), cert. denied, 379 So.2d 203 (Fla. 1979); Seaboard Coast Line Railroad Co. v. Industrial Contracting Co., 260 So.2d 860 (Fla. 4th DCA 1972). Thus, where two suits are based on a common question, estoppel by judgment will prevent a defendant from maintaining the later one. Masciarelli v. Maco Supply Corp., 224 So.2d 329 (Fla. 1969); Avant v. Hammond Jones, Inc., 79 So.2d 423 (Fla. 1955); Coplan Pipe & *503 Supply Co. v. Central Bank & Trust Co., 362 So.2d 447 (Fla. 3d DCA 1978). Since this contract action, like the prior foreclosure suit, is ultimately concerned with whether Tucker defaulted on the mortgage, estoppel by judgment precludes relitigation through maintenance of this contract action. Tuz v. Edward M. Chadbourne, Inc., 310 So.2d 8 (Fla. 1975).
Accordingly, the judgment appealed from is reversed and the cause is remanded for further proceedings consistent herewith.
DOWNEY, GLICKSTEIN, and HURLEY, JJ., concur.