422 So.2d 1047 (1982)
Milo ALLETT and Allstate Insurance Company, Appellants,
v.
Peggy HILL, et al., Appellees.
No. 81-2317.
District Court of Appeal of Florida, Fourth District.
December 1, 1982.
Rehearing Denied December 30, 1982.
*1048 David J. Glatthorn of Brennan, McAliley, Hayskar, McAliley & Jefferson, P.A., West Palm Beach, for appellants.
William S. Frates, II, of Frates & McCall, Palm Beach, for appellees.
HERSEY, Judge.
In this slip-and-fall case the jury returned a substantial verdict for the plaintiffs. Defendant and his insurer appeal the final judgment entered pursuant to that verdict.
The complaint consisted of two counts, one of which was merely a subsidiary claim for damages for loss of consortium. The operative portions of the main count alleged:
4. On several occasions between October 15, 1978, when the Plaintiffs signed a lease with the Defendant and January 3, 1979, the Plaintiffs requested that the Defendant install carpeting on the wooden stairway inside their apartment in order to eliminate as a falling hazard the slippery condition of the wooden stairway. On each of these occasions the Defendant agreed to provide the carpet but failed to do so.
5. By failing to install the carpet as agreed, the Defendant negligently allowed to exist a condition known to him to be dangerous to persons using the stairway in Plaintiffs' apartment, so that Plaintiff, PEGGY HILL, fell on the property and injured herself.

*1049 6. The negligent condition was known to Defendant or had existed for a sufficient length of time so that Defendant should have known of it.
Several days prior to trial the defendant filed a motion in limine seeking to exclude evidence that the stairs had since been carpeted. At approximately the same time, plaintiff filed a unilateral pretrial statement listing a "breach of contract of defendant" as one of the issues to be tried. Defendants immediately objected and unsuccessfully moved either to strike the breach of contract issue or to continue the case. Thus the matter proceeded to trial on both the negligence count alleged in the complaint and the breach of contract theory postulated in the pretrial statement.
In order to counter the thrust of the breach of contract cause of action defendants receded from the position taken in their motion in limine. At trial defendants offered evidence that the stairs had been carpeted in order to show performance of the contract. Defendants sought to mitigate the effect of this evidence on the negligence count by proferring an instruction that the evidence should be considered by the jury on the contract issue and not as evidence on the cause of action for negligence. The court refused to give the instruction, from Section 90.407, Florida Statutes (1981) which provides:
Evidence of measures taken after an event, which measures if taken before it occurred would have made the event less likely to occur, is not admissible to prove negligence or culpable conduct in connection with the event.
In addition, defendants timely objected to the introduction of evidence concerning the alleged contract to carpet the stairs, because such evidence violates the parol evidence rule and the doctrine of merger and such a contract was not supported by consideration.
The jury returned a special verdict form finding against the defendants on both the negligence theory and the breach of contract theory. They also found comparative negligence on the part of the plaintiff and made a corresponding allocation of the negligence of each party. The special verdict form did not require the jury to allocate damages between negligence and breach of contract, and therefore, the jury returned a lump sum verdict for each of the plaintiffs. Defendants-appellants base their request for review upon the issues highlighted in these facts.
An analytical overview of the case as it developed in the trial court shows a complaint grounded in negligence and only incidentally referring to a contract, a last minute "amendment" to include a count for breach of contract, refusal of the trial court to grant a continuance in order to provide defendants an opportunity to prepare a defense to that amendment, introduction of parol evidence to establish an oral condition of a written contract, and refusal by the trial court to instruct the jury on the limited purpose for which they could consider the repairs made subsequent to the injury.
The lower court erred in permitting plaintiffs to amend their complaint on the eve of trial to insert the breach of contract issue. As we said in Versen v. Versen, 347 So.2d 1047, 1050 (Fla. 4th DCA 1977):
Although F.R.Civ.P. 1.190, and the cases interpreting and construing it, dictate a liberality on part of the trial judge in granting motions to amend, Bradham v. Hayes Enterprises, Inc., 306 So.2d 568 (Fla. 1st DCA 1975), this "liberality" gradually diminishes as the case progresses to trial, United States v. State, 179 So.2d 890 (Fla. 3d DCA 1965). Also, this rule of liberality does not authorize a party to state a new and different cause of action under guise of an amendment, or if it will change the issue, introduce new issues, or materially vary the grounds of relief, United States v. State, supra, and such amendments must not prejudice the opposing party, Tucker v. Daugherty, 122 So.2d 230 (Fla. 2d DCA 1960).
Taken by itself we would probably consider this harmless error or governed by subsequent language in Versen:

*1050 It is also true that the trial judge's conclusion to permit or refuse amendment to pleadings will not be disturbed on appeal in absence of some demonstration that he has abused his discretion. See, Houston Texas Gas & Oil Corporation v. Hoeffner, 132 So.2d 38 (Fla. 2d DCA 1961), and Joseph T. Miller Construction Company v. Borak, 82 So.2d 147 (Fla. 1955).
Id. at 1050.
The error is not isolated, however. It is compounded by the admission of parol evidence to add a term to the written lease which, whether part of the preliminary negotiations or a separate subsequent condition, plainly violates, respectively, the doctrine of merger and the parol evidence rule which we explored in Carlon, Inc. v. Southland Diversified Company, 381 So.2d 291 (Fla. 4th DCA 1980). Furthermore, the trial court erred in refusing the requested instruction on corrective measures. See, e.g., City of St. Petersburg v. Reed, 330 So.2d 256 (Fla. 2d DCA 1976).
Without determining whether the doctrine referred to in jurisprudence as the "two issue" rule applies in this case in any meaningful way, we note that even if the "two issue" rule is applicable, reversal is proper because we have found error with regard to both issues: improper denial of the jury instruction on the purpose for which remedial measures can be considered (on the negligence issue) and improper admission of parol evidence (with regard to the contract issue). See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181, 1186 (Fla. 1977).
While each error standing by itself would be insufficient to require reversal, as this case unfolded before the jury each error had a compounding effect on the one that went before. Thus, the end result was to invidiously infect the verdict. Not only was the jury invited to find that the duty which supports the negligence claim arose out of an express oral contract to carpet the stairs, they also were permitted (for lack of an instruction) to assume, by reason of the fact that the contract was eventually performed (albeit too late) defendants must have known all along that the uncarpeted stairway was dangerous.
Because we find reversible error in the combined effect of the errors to which allusion has been made, we reverse and remand for a retrial of all issues after the pleadings are appropriately amended to clarify those causes of action which the jury is to consider.
REVERSED and REMANDED.
DOWNEY and WALDEN, JJ., concur.