464 So.2d 715 (1985)
KING PARTITIONS & DRYWALL, INC., a Florida Corporation, Appellant,
v.
DONNER ENTERPRISES, INC., a Florida Corporation, Appellee.
No. 84-1450.
District Court of Appeal of Florida, Fourth District.
March 13, 1985.
Richard W. Springer of Kohl, Springer, Springer, Mighdoll, Salnick & Krischer, Palm Springs, for appellant.
Joel M. Weissman, P.A., West Palm Beach, for appellee.
DOWNEY, Judge.
Appellant, King Partitions & Drywall, Inc., sued appellee, Donner Enterprises, Inc., in three counts to recover for work done at the request of Donner on certain property in Palm Beach County. From an involuntary dismissal and judgment thereon King has perfected this appeal.
King contracted with Donner to furnish the drywall work and material on a condominium. When Donner refused to pay King for extra work performed, King sued Donner for breach of contract, quantum meruit, and for work, labor and materials performed and furnished.
At trial King attempted to prove that, in order for it to do the work contracted for, it was necessary for it to do extra work due to the faulty work of other contractors. Donner objected to any evidence of extras that were not authorized by written work orders or expressly required by the written contract between the parties. Although the trial judge believed evidence of such extra work should be admissible, he felt constrained by the case of Monde Investments No. 2, Inc. v. R.D. Taylor-Made Enterprises, Inc., 344 So.2d 871 (Fla. 4th DCA 1977), to find that such evidence was inadmissible because of the parol evidence *716 rule. Accordingly, he allowed King to make a proffer of its evidence but dismissed the complaint and entered judgment for Donner. We hold the trial judge's intuitive reaction was correct but his reading of Monde led him into error.
Simply put, King proposed to prove that, when it reported its inability to proceed with its work due to the faulty work of others, Donner agreed that King should perform the extra work needed to enable it to proceed and advised King that no written work orders would be necessary. In other words, Donner agreed to pay the reasonable value of the additional work without written authorization as required by the main contract. If King could prove the proffer it would clearly be entitled to recover because the rule is well established in Florida that
[a] written contract ... may be altered or modified by an oral agreement if the latter has been accepted and acted upon by the parties in such manner as would work a fraud on either party to refuse to enforce it.... An oral modification under these circumstances is permissible even though there was in the written contract a provision prohibiting its alteration except in writing.
Professional Insurance Corporation v. Cahill, 90 So.2d 916, 918 (Fla. 1956). Accord Pan American Engineering Company v. Poncho's Construction Company, 387 So.2d 1052 (Fla. 5th DCA 1980); Wiener v. Wiener, 343 So.2d 1319 (Fla. 3d DCA 1977); Doral Country Club, Inc. v. Curcie Brothers, Inc., 174 So.2d 749 (Fla. 3d DCA 1965).
The trial court's reliance upon Monde was misplaced, we believe, because Monde held the plaintiffs attempt to prove its entitlement to compensation for extras required it to change the terms of the written contract by the adduction of parol evidence. All the authorities concede that the terms of a written contract cannot be changed by parol evidence. However, proving a subsequent oral agreement between the parties to perform the work and pay for it, and action in reliance thereon, creates a new contractual undertaking. Evidence thereof does not violate the rule that parol will not be admitted to contradict the terms of a written contract. Furthermore, as pointed out in many of the cases cited, even the prohibition of payment for extra work without a written work order does not preclude the parties from entering into a further oral agreement modifying those prohibitory provisions.
Accordingly, the judgment appealed from is reversed and the cause is remanded for a new trial.
REVERSED AND REMANDED.
HERSEY and BARKETT, JJ., concur.