ACQUISITION CORP. OF AMERICA, Sun–Island Realty, Inc., and Kenneth Hemmerle, Plaintiffs,

v.

FEDERAL DEPOSIT INSURANCE CORP., Defendant.

No. 86–2144–CIV.

United States District Court, S.D. Florida.

March 25, 1991.

Kenneth V. Hemmerle, Steven Kolodny, Robert F. Jordan, Fort Lauderdale, Fla., for plaintiffs.

Eben Crawford, Miami, Fla., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

NESBITT, District Judge.

This cause comes before the Court upon Defendant's Motion for Summary Judgment, originally filed September 13, 1990.[1] The parties having filed their supplemental memoranda, and the Court having carefully reviewed the file, it is hereby ORDERED and ADJUDGED that Defendant's motion is GRANTED.

### FACTS

In December 1983, Sunrise Savings and Loan Association of Florida ("Old Sunrise")[2] made a loan to Plaintiff Acquisition Corp. of America ("Acquisition"). The loan was secured by a mortgage, and the performance of Acquisition's obligations under the mortgage and the promissory note evidencing the loan was guaranteed by Plaintiffs Sun–Island Realty, Inc. ("Sun–Island") and Kenneth Hemmerle.

Several events occurred in 1986. First, Plaintiffs filed this action, asserting fraud, breach of contract, civil theft, and RICO violations, all of which related to the 1983 loan. Then, in September, 1986, the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed as Receiver for New Sunrise. Three months later, FSLIC filed an action against Plaintiffs in Palm Beach County Circuit Court. FSLIC sought to foreclose on the mortgage and to recover under the guarantees given by Plaintiffs Sun–Island and Hemmerle.

On September 1, 1987, each of the Plaintiffs entered into a settlement agreement with FSLIC. The settlement agreement

1. On December 7, 1990, the Court informed the parties that it would consider Defendant's motion ripe for adjudication as of December 18, 1990, and that all evidence must be on file by that date. On January 7, 1990, the Court issued an Order deferring ruling on the motion to permit the parties to file supplemental memoranda.

2. In 1985, Old Sunrise's assets, including the mortgage and guarantees, were transferred to Sunrise Savings & Loan Association, a federal savings and loan association ("New Sunrise").

provides that all three plaintiffs unconditionally release FSLIC and its successors[3] from any and all claims arising out of or connected to the 1983 loan transaction. This release includes all of the claims brought in this case.[4] Also, the settlement agreement explicitly and unambiguously states that Plaintiffs were to make a multi-million dollar payment to the FSLIC on or before December 31, 1987.

## DISCUSSION

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted if "there is no genuine issue as to any material fact and [if] the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Further, "there is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) (citations omitted).

Defendant asserts that it is entitled to summary judgment because it is undisputed that, in a related state case, each Plaintiff entered into a settlement agreement which provides for a release of all claims asserted in this action. Plaintiffs' response raises two[5] principal arguments in opposition to Defendant's motion.

First, Plaintiffs argue that the release of their claims is unenforceable because the FSLIC breached an alleged oral agreement to grant an extension of the December 31, 1987 payment due date. Specifically, Plaintiffs have filed three affidavits, two from Kenneth Hemmerle, alleging that Defendant's predecessor breached the settlement agreement by refusing to grant the extension orally agreed to by all parties and constituting "part of the consideration for the execution of the Settlement Agreement." *See* Affidavit of Kenneth Hemmerle at para. 13 (filed October 4, 1990).

Settlement agreements are contracts and, as such, their enforcement is determined by Florida's general contract law. *Schwartz v. Florida Board of Regents*, 807 F.2d 901 (11th Cir.1987); *Robbie v. City of Miami*, 469 So.2d 1384 (Fla. 1985). Of course, under Florida contract law a material breach of a contract excuses the nonbreaching party from his obligation to perform under the contract. *See In re Suncoast Airlines, Inc.*, 101 B.R. 350 (Bkrtcy.S.D.Fla.1989); *In re Thomas*, 51 B.R. 653, 656 (Bkrtcy.M.D.Fla.1985); *Hustad v. Edwin K. Williams & Co.*, 321 So.2d 601, 603 (Fla. 4th DCA 1975).

Plaintiffs' allegation does not preclude summary judgment based on the release. First, as Defendant correctly points out, if the agreement to extend the deadline for

3. The Federal Deposit Insurance Corporation ("FDIC") has since been substituted for the FSLIC as Defendant in this case. Plaintiffs do not dispute that, if valid, the settlement agreement entered into by the FSLIC applies to the FDIC.

4. Remarkably, Plaintiffs dispute that Sun–Island released its claims in this action against FSLIC. Plaintiffs attempt to rely on language, appearing at pages 16 and 17 of the settlement agreement, which excepts the "Sun–Island Claims" from the unconditional release granted by Sun–Island. However, the settlement agreement makes clear that the "Sun–Island Claims" excepted from the release are specifically defined as and limited to the defenses, affirmative defenses, and counterclaims raised in the related state action. *See* Exhibit A to Defendant's Memorandum of Law in Support of Motion for Summary Judgment at 5. The "Sun–Island Claims" unambiguously do not include the claims raised by Sun–Island in

this case. *Cf. First State Bank & Trust of Valdosta v. McIver*, 893 F.2d 301, 304 (11th Cir. 1990) (under Georgia law, interpretation of unambiguous release provisions is question of law for court).

5. In an earlier Order, this Court dismissed the argument that Plaintiffs were fraudulently induced into entering into the agreement. Because this claim had already been raised and rejected by both a judge and a jury in the related state proceedings, the Court held that it was barred by the doctrine of collateral estoppel. *See Wise v. Tucker*, 399 So.2d 500, 502–03 (Fla. 4th DCA 1981); *American Nat. Bank & Trust Co. v. Egidi*, 388 So.2d 51, 52 (Fla. 4th DCA 1980); *see also Citibank, N.A. v. Data Lease Financial Corp.*, 904 F.2d 1498, 1501 n. 6 (11th Cir.1990) (quoting *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1549 (11th Cir.1986) (listing four prerequisites to application of collateral estoppel)).

payment of the reimbursement obligation is an understanding entirely collateral to the settlement agreement, its breach does not invalidate the agreement and thus cannot resurrect the claims released pursuant to the settlement.

Alternatively, if, as Plaintiffs assert, the alleged contemporaneous oral extension is part of the settlement agreement, then any evidence of its existence is barred by the doctrine of merger, the merger clause in the settlement agreement, and the parol evidence rule.

Paragraph 7(f) of the settlement agreement provides that:

No representations or warranties have been made by Receiver (FSLIC) or relied upon by Borrower (Acquisition), Hemmerle, or Sun–Island pertaining to this settlement, other than those set forth in the Loan Documents, and all other statements, representations and warranties, if any, are totally superseded and merged into the Loan Documents, this Agreement, and the other Settlement Documents, which represent the final and sole agreement of the parties with respect to the Loan and the settlement which is the subject hereof.

The alleged verbal promise to grant an extension is directly contrary to the explicit and specific December 31, 1987 deadline set forth at page 19 of the agreement. As a matter of law, any prior oral promise to extend this deadline was superseded by the written settlement agreement and merged into the contract itself. *See Carlon, Inc. v. Southland Diversified Co.,* 381 So.2d 291, 293 (Fla. 4th DCA 1980) ("It is established in Florida that presentations, negotiations and conversations which precede and accompany the making of a contract are presumed to have merged in the contract").

Further, all evidence concerning a prior or contemporaneous oral agreement is barred by the parol evidence rule. It is undisputed that parol evidence may not be introduced to vary or contradict the clear and unambiguous terms of a contract. *Hashwani v. Barbar,* 822 F.2d 1038, 1040 (11th Cir.1987); *Uransky v. First Federal Savings & Loan Ass'n of Fort Myers,* 684 F.2d 750 (11th Cir.1982); *Acceleration Nat. Service Corp. v. Brickell Financial Services Motor Club,* 541 So.2d 738 (Fla. 3rd DCA 1989). Here, the settlement agreement explicitly and unambiguously provides that Hemmerle was to pay the remainder of the reimbursement obligation on or before December 31, 1987. *See* Exhibit A to Defendant's Motion for Summary Judgment at 19. No ambiguity exists which would permit the Court to consider Plaintiffs' affidavits to the contrary.[6] Accordingly, there is no genuine issue of fact precluding enforcement of the agreement to release all claims against the FDIC.

Second, in a last attempt to avoid summary judgment, Plaintiffs argue that the promise to grant the extension was a subsequent modification of the settlement agreement, the breach of which estops Defendant from enforcing the written terms of the agreement. Plaintiffs are apparently attempting to come within the rule of *Professional Ins. Corp. v. Cahill,* 90 So.2d 916 (Fla.1957), which states that "a written contract may be modified by an oral agreement if the latter has been accepted and acted upon by the parties in such a manner as would work a fraud on either party to refuse to enforce it." *Id.* at 918; *see also Fidelity & Deposit Ins. Co. of Maryland v. Tom Murphy Construction Co., Inc.,* 674 F.2d 880, 884–85 (11th Cir.1982) (quoting

---

**6.** The Court recognizes that, irrespective of the existence of a merger clause, the parol evidence rule does not bar prior or contemporaneous oral representations indicating that the instrument in question was procured by fraud. *Ortiz v. Orchid Springs Development Corp.,* 504 So.2d 510, 510 (Fla. 2nd DCA 1987); *Nobles v. Citizens Mortg. Corp.,* 479 So.2d 822 (Fla. 2nd DCA 1985); *CasKay Enterprises, Inc. v. Snapper Creek Trading Center, Inc.,* 453 So.2d 1147, 1148 (Fla. 3rd DCA 1984); *see also Oceanic Villas, Inc. v. Godson,* 148 Fla. 454, 4 So.2d 689, 690–91 (1941)

(action to rescind based on fraud in procurement survives integration clause).

This exception to the parol evidence rule is inapplicable in a case such as this one, where the alleged fraudulent inducement is explicitly contradictory to a specific and unambiguous provision of the contract. *See Pettinelli v. Danzig,* 722 F.2d 706 (11th Cir.1984); *Linear Corp. v. Standard Hardware Co.,* 423 So.2d 966, 968 (Fla. 1st DCA 1983); *Venusa Development Corp. v. Southeast Mortg. Co.,* 297 So.2d 86 (Fla. 3rd DCA 1974).

*Cahill* ); *King Partitions v. Donner Enterprises, Inc.*, 464 So.2d 715, 716 (Fla. 4th DCA 1985) (same).

■ The fundamental flaw in Plaintiffs' position is that there is no genuine issue of fact regarding the time when the alleged extension was agreed to. Plaintiffs' affidavits state that the oral understanding was reached *prior* to the execution of the settlement agreement, "was part of the consideration for the execution" of the agreement, and served as a fraudulent inducement to enter into the agreement. *See* Affidavit of Kenneth Hemmerle at paras. 8, 13, 14, and 15 (filed October 4, 1990); Affidavit of Maria Popejoy at para. 3 ("At the time of the execution of the settlement agreement, it was agreed ... that a short extension would be permitted.") (filed December 17, 1990). Simply stated, there is not a shred of record evidence to indicate that the alleged extension was a subsequent modification to the settlement.[7] At most, and only after drawing all inferences in favor of Plaintiffs, the Court can construe the affidavits to indicate that the contemporaneous oral agreement was reaffirmed by Defendant's predecessor after execution of the settlement agreement. These vague references to the reaffirmance of a contemporaneous oral agreement are insufficient to raise a genuine issue of fact regarding the existence of a subsequent modification, an allegation as to which Plaintiffs have the burden of proof. *See Bella Vista, Inc. v. Interior & Exterior Specialties Co., Inc.*, 436 So.2d 1107, 1108 (Fla. 4th DCA 1983) (party alleg-

ing oral modification to written agreement "has the burden to prove it"); *Newkirk Construction Corp. v. Gulf County*, 366 So.2d 813, 815 (Fla. 1st DCA 1979) (same); *see generally Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986) ("[t]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or is not significantly probative, summary judgment may be granted.") (citations omitted).[8]

Because the Court may not consider the allegations of a breach of a contemporaneous agreement to extend the December 31, 1987 deadline, because Plaintiffs' fraudulent inducement argument is barred by the doctrine of collateral estoppel, because there is no record evidence to indicate that the alleged extension constituted a subsequent modification of the agreement, and, in light of the absence of any other legal reason to preclude enforcement of the terms of the settlement agreement,[9] the Court finds that Plaintiffs have released their claims against Defendant, and that their promise to do so is enforceable. Accordingly, the Court finds that Defendant is entitled to judgment on all counts. Defendant's motion for summary judgment is GRANTED.

DONE and ORDERED.

---

7. Indeed, in their memoranda of law, Plaintiffs argue primarily that the parol evidence rule is inapplicable because the extrinsic evidence demonstrates that they were fraudulently induced into entering into the settlement. Of course, if the alleged extension induced them to enter into the settlement agreement, the extension must have been agreed to prior to or contemporaneously with the agreement.

8. Plaintiffs' modification argument fails as a matter of law for another reason: there exists no evidence to indicate that the alleged subsequent modification was supported by new consideration. *See In re Estate of Johnson*, 566 So.2d 1345, 1347 (Fla. 4th DCA 1990) (subsequent modification must be supported by new consideration); *Newkirk Construction Corp. v. Gulf County*, 366 So.2d 813, 815 (Fla. 1st DCA

1979) (same); *Wilson v. Odom*, 215 So.2d 37, 39 (Fla. 1st DCA 1968) (same). Indeed, given the uncontradicted evidence that the later assurance was merely a reaffirmance of what had already been consented to prior to execution of the settlement agreement, Plaintiffs admit by implication that there is no new consideration for the purported subsequent modification.

9. Plaintiffs stated during oral argument that the settlement is unenforceable because of duress. There is no record evidence supporting this claim. Moreover, because Plaintiffs are precluded by collateral estoppel from arguing that they were fraudulently induced to enter into the settlement, they cannot successfully claim that they entered into the agreement only upon the understanding that Defendant's predecessor would remove a previously filed lis pendens.