592 So.2d 1110 (1991)
FEDERAL DEPOSIT INSURANCE CORPORATION, As Receiver for Sunrise Savings and Loan Association, Appellant,
v.
Kenneth HEMMERLE and Sun-Island Realty, Inc., Appellees.
No. 89-3286.
District Court of Appeal of Florida, Fourth District.
October 23, 1991.
Rehearing Denied February 25, 1992.
*1111 Suzanne H. Youmans, Eben G. Crawford, Anne Talbot and Alan L. Briggs of Squire, Sanders & Dempsey, Palm Beach, for appellant.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Jeffrey Bergens, Fort Lauderdale, for appellees.
PER CURIAM.
The Federal Deposit Insurance Corporation [FDIC], as Manager of the Federal Savings and Loan Resolution Fund and as receiver for Sunrise Savings and Loan Association [Sunrise], appeals the final judgments entered in favor of appellees Kenneth Hemmerle [Hemmerle] and Sun-Island Realty, Inc. [Sun-Island]. FDIC also appeals the trial court's rulings and orders that denied its motions for directed verdict, judgment notwithstanding the verdict, a new trial and remittitur.[1]
*1112 We reverse the final judgments entered in favor of appellees and remand with directions to the trial court to enter directed verdicts and final judgments in favor of appellant on appellees' counterclaims. We affirm the trial court's rulings that denied appellant's motions for directed verdict on its complaint.
In 1983, Sunrise agreed to loan Acquisition Corp. of America [ACA] almost sixteen million dollars to construct a condominium project in Boca Raton. ACA gave Sunrise a promissory note secured by a mortgage on the project. Hemmerle and Sun-Island unconditionally guaranteed [First Guaranty] repayment of the loan.
In 1986, ACA defaulted on the loan. When Sunrise demanded payment of all sums due, ACA, Hemmerle and Sun-Island sued Sunrise and alleged that they had been fraudulently induced to execute the loan documents.
Thereafter, FDIC was appointed the receiver for Sunrise and sued ACA, Hemmerle, Sun-Island and others to foreclose the mortgage and enforce the terms of the note and the First Guaranty. Appellees answered the complaint and filed affirmative defenses and counterclaims that repeated the allegations contained in their fraudulent inducement action.
The parties engaged in negotiations and settled the foreclosure action in September of 1987. FDIC agreed to abate the foreclosure action and further agreed to dismiss the foreclosure action if on or before December 31, 1987, ACA paid FDIC a reduced amount as full satisfaction of all sums then due under the note. The settlement agreement specifically provided that time was of the essence and required ACA, Hemmerle and Sun-Island to stipulate that they: (1) waived their defenses and counterclaims asserted in the foreclosure action and (2) consented to entry of judgment without notice and hearing in the foreclosure notice and hearing in the foreclosure action for all sums then due if ACA failed to pay FDIC the reduced amount on or before the December 31, 1987. The settlement agreement also contained a comprehensive "merger clause" which provided that the settlement agreement contained the entire agreement between the parties.
In January of 1988, FDIC filed an affidavit in the foreclosure action which stated that ACA failed to timely pay the reduced amount. Pursuant to the settlement agreement, the trial court entered judgment against appellees. Hemmerle then filed a motion to vacate the judgment and argued, inter alia, that FDIC had orally agreed to extend the loan payment deadline if he so requested. The trial court denied Hemmerle's motion to vacate and ruled that evidence of the oral agreement was inadmissible. Hemmerle appealed and a central issue of that appeal was whether he could assert FDIC's breach of the oral agreement as a defense in the foreclosure action given (1) the merger clause in the settlement agreement and (2) the parol evidence rule. This court in Hemmerle v. Federal Deposit Insurance Corp., 556 So.2d 457 (Fla. 4th DCA 1990), issued a per curiam affirmance of the foreclosure judgment.
Also as part of the settlement agreement, Hemmerle and Sun-Island gave FDIC a Conditional Guaranty of Payment [Second Guaranty] which guaranteed full payment of ACA's indebtedness to FDIC in the event ACA filed a voluntary petition in bankruptcy. The day before the loan payment deadline, Hemmerle caused ACA to file for protection under the bankruptcy code. As a result, FDIC filed a second action suing Hemmerle and Sun-Island to enforce its rights under the Second Guaranty. Hemmerle and Sun-Island again asserted affirmative defenses and counterclaims based on FDIC's breach of the oral agreement  the same claims which were asserted and rejected by the trial court and this court in the foreclosure action.
FDIC filed motions for summary judgment on the grounds that appellees' defenses and counterclaims were barred by the doctrines of res judicata and estoppel by judgment. FDIC also filed a motion in limine based on the doctrine of merger and the parol evidence rule to exclude evidence and argument regarding the oral agreement. *1113 The trial court denied FDIC's motions.
Sub judice, at trial FDIC presented uncontradicted evidence establishing each element of its claims against appellees on the Second Guaranty. Appellees offered evidence that on or before the date they executed the settlement agreement, FDIC orally agreed to extend the loan payment deadline if appellees so requested; that in mid-December 1987, Hemmerle asked a representative of FDIC to extend the payment deadline to February 11, 1988; that the representative told Hemmerle the extension would be "no problem," which confirmed the oral agreement, but that the representative's superior later stated that FDIC would not extend the loan payment deadline.[2] Appellees argued that FDIC made the oral agreement to fraudulently induce them to sign the settlement agreement.[3] FDIC's witnesses denied that any oral agreement to extend the payment deadline was ever made. At the conclusion of the evidence, FDIC moved for directed verdicts on its claims and appellees' counterclaims on the ground that appellees' evidence regarding the alleged oral agreement was barred by the doctrines of merger, res judicata and estoppel by judgment and the parol evidence rule. FDIC's motions were denied.
In its verdict, the jury specifically found that (1) the settlement agreement was valid and (2) FDIC had not fraudulently induced appellees to execute the settlement agreement. However, the jury also found that FDIC's breach damaged Hemmerle and Sun-Island in the amounts of twenty-five million dollars and one million nine hundred thousand dollars, respectively. FDIC filed post-trial motions for a judgment notwithstanding the verdict, a new trial and remittitur. The trial court denied those motions.
We hold that the trial court erred when it allowed appellees to present evidence about the oral agreement to extend the loan payment deadline. Settlement agreements are governed by rules of contract interpretation. Robbie v. City of Miami, 469 So.2d 1384 (Fla. 1985). Because the clear and unambiguous terms of the settlement agreement established December 31, 1987 as the payment deadline, the doctrine of merger and the parol evidence rule barred the admission of such evidence. The doctrine and the rule preclude the introduction of evidence of any prior or contemporaneous oral agreement which varies, alters or contradicts the terms of a written agreement.

DOCTRINE OF MERGER
The merger clause of the settlement agreement read:
[No] representations or warranties have been made by Receiver [FDIC] or relied upon by Borrower [ACA], Hemmerle or Sun-Island pertaining to this settlement, other than those that are set forth in the Loan Documents, this Agreement and the other settlement documents, and all other statements, representations and warranties, if any, are totally superseded and merged into the Loan Documents, this Agreement and the other settlement documents, which represent the final and sole agreement of the parties with respect to the Loan and the settlement which is the subject hereof[.]
We hold that the merger clause bound appellees and the doctrine of merger prevented them from presenting evidence of their reliance on any statement, representation or warranty not contained in the settlement agreement. See Allett v. Hill, 422 So.2d 1047 (Fla. 4th DCA 1982).

PAROL EVIDENCE RULE
The parol evidence rule provides that, where an alleged contemporaneous oral agreement relates to the identical subject *1114 matter embodied in the written agreement, and in fact contradicts an express provision of the written agreement, evidence of the oral agreement is inadmissible. Linear Corporation v. Standard Hardware Company, 423 So.2d 966, 968 (Fla. 1st DCA 1982). We hold that the settlement agreement bound appellees and the parol evidence rule prevented them from presenting evidence that varied, altered, or contradicted the terms of the settlement agreement.
Appellees argue that the trial court properly admitted their evidence about the oral agreement as an exception to the parol evidence rule. One of their contentions is that where an issue of fraudulent misrepresentation exists, evidence of a prior or contemporaneous oral agreement becomes admissible. However, the fraud exception to the parol evidence rule does not apply where the fraud allegedly occurred in connection with the negotiation of a written agreement to settle a prior fraud claim. See Pettinelli v. Danzig, 722 F.2d 706, 710 (11th Cir.1984) (citing Pieter Bakker Management, Inc. v. First Federal Sav. and Loan Ass'n, 541 So.2d 1334, 1335-1336 (Fla. 3rd DCA 1989), rev. denied, 549 So.2d 1014 (Fla. 1989)); Uvanile v. Denoff, 495 So.2d 1177, 1179-1180 (Fla. 4th DCA 1986), review dismissed, 504 So.2d 766 (Fla. 1987). The settlement agreement expressly addressed the fraud claims asserted by appellees in the foreclosure action. As a result, we hold that the fraudulent inducement exception to the parol evidence rule did not apply. Even if the exception had applied, it would only have allowed appellees to introduce evidence of the oral agreement for the limited purpose of proving their fraudulent inducement defenses that the jury rejected.
Appellees also contend that they presented evidence that after execution of the settlement agreement, FDIC or its representatives continued to assure them that they would be granted the requested extension. Appellant contends, however, that appellees' testimony that a representative of FDIC confirmed the oral agreement did not evade the parol evidence rule. We find Allett v. Hill, 422 So.2d 1047 (Fla. 4th DCA 1982), instructive. In Allett, this court reversed a judgment in favor of a tenant, holding that the trial court had erred when it admitted "parol evidence to add a term to the written lease which, whether part of the preliminary negotiations or a separate later condition, plainly violates ... the parol evidence rule... ." Id. at 1050. Moreover, we find that the record does not support appellees' contention that there was a later oral agreement relied upon by the parties. Although appellees asserted that they continued to develop the property, etc., beyond the loan payment deadline, they were already obligated to do those things under the original contract and failed to prove a new contractual undertaking. See King Partitions and Drywall, Inc. v. Donner Enterprises, Inc., 464 So.2d 715, 716 (Fla. 4th DCA 1985). Any such agreement lacked consideration. New consideration must support a subsequent modification. See In re Estate of Johnson, 566 So.2d 1345, 1347 (Fla. 4th DCA 1990). Therefore, we hold that the subsequent agreement exception to the parol evidence rule did not apply.
We also consider significant that although Hemmerle testified that FDIC confirmed the oral agreement after the settlement agreement, he emphasized that FDIC's confirmation did not modify or change the oral agreement allegedly made prior to execution of the settlement agreement:
A. I have never testified that it was a modification. I testified that there was an oral agreement made prior to the execution of the [settlement] agreement.
As to appellees' contention that the settlement agreement was later modified[4] *1115 or, that the prior oral agreement was later confirmed, the trial court stated in its order that denied Hemmerle's motion to vacate the foreclosure judgment:
[Appellee] claims that there was a later promise for an extension. [Appellant], on that point, relies upon Harris v. Air Conditioning Corporation, 76 So.2d 877 (Fla. 1955), which states: `[T]he only circumstances under which the exception stated above could be invoked would be where the actions of the parties are consistent with the supposition of [a modifying agreement] and inconsistent with [the original contract].' We believe that this is a sensible analysis, and controlling.
We acknowledge that the settlement agreement did not contain a provision about an extension of the loan payment deadline. However, the settlement agreement stated that "time [was] of the essence." That clause alone would indicate that the parties addressed the issue of an extension. Also, a payment deadline and an extension are so intertwined that the discussion of one necessarily involved the other. The trial court in the foreclosure action considered this issue and stated:
I believe that the Lauderdale North [Properties, Inc. v. Seacrest Homes, Inc., 382 So.2d 386 (Fla. 4th DCA 1980),] line of cases should be applied only when the claimed oral promise deals with a subject not discussed in the written contract. Otherwise, there would be no situation in which the parol evidence rule would ever apply. In every case, one party could say, `I know that's what the contract says, but as an inducement to have me enter the contract, a different promise was made.' The contract in question sets a deadline of December 31, 1987, and it should be enforced as against a claim of an oral promise of a different deadline.
We adopt the trial court's reasoning and hold that the instant facts do not warrant application of an exception to the parol evidence rule.

RES JUDICATA
We also hold that the doctrine of res judicata barred appellees' affirmative defenses and counterclaims as a matter of law. Those fraud issues had been rejected by both the trial court and this court in the foreclosure action. The doctrine of res judicata applies to "bar an action where the same issue was presented as a defense in an earlier suit resulting in a judgment adverse to the party bringing the subsequent claim." Wise v. Tucker, 399 So.2d 500 (Fla. 4th DCA 1981); American National Bank & Trust Co. v. Egidi, 388 So.2d 51, 52 (Fla. 4th DCA 1980). The fact that the judgment in the foreclosure action was entered pursuant to a stipulation did not alter the result. See Arrieta-Gimenez v. Arrieta-Negron, 551 So.2d 1184, 1186 (Fla. 1989).
By the terms of the settlement agreement appellees waived their right to notice and hearing prior to the entry of the foreclosure judgment. Thus, the first opportunity appellees had to raise the fraud issues was by motion to vacate the foreclosure judgment under Rule 1.540, which would have been a valid ground for relief under that rule. Florida Rule of Civil Procedure 1.540(b) states:
Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other conduct of an adverse party; (4) the judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that *1116 the judgment or decree should have prospective application.
Yet, Hemmerle filed a motion to vacate and he did not raise fraud as an issue, nor did he mention it in the accompanying affidavit.[5] The grounds of his motion were that 1) the trial court lacked jurisdiction to proceed due to an automatic stay in bankruptcy, 2) the FDIC breached the settlement agreement because it did not obtain a judgment in the form agreed to by the parties and 3) FDIC orally agreed to extend the loan payment deadline. In the absence of allegations of fraud, the trial court's denial of Hemmerle's motion to vacate was properly affirmed because the grounds Hemmerle stated in his motion did not appear to fall within the grounds contemplated by the rule.
Furthermore, because a fraud issue was not raised in Hemmerle's motion to vacate, the trial court did not consider that issue. On appeal Hemmerle improperly raised a fraud issue for the first time. Our review of that appellate record reveals that Hemmerle raised the following issues:
Whether the lower court erred in not setting aside and vacating the partial judgment on stipulation because [FDIC] extended the due date for payment under the stipulation;
Whether the trial court erred in entering partial summary judgment of foreclosure because genuine issues of material fact existed as to whether [FDIC] extended the due date.
This court wrote the following opinion:
We affirm the partial final judgment entered against the appellant [Hemmerle]. However, the appellee acknowledges that once the trial court regains jurisdiction of this matter, the judgment shall be amended to provide for a reduction of the amount of the judgment by any proceeds or bids received at the foreclosure sale.
Hemmerle v. Federal Deposit Insurance Corporation, 556 So.2d 457 (Fla. 4th DCA 1990). It is unclear from that opinion whether this court affirmed on a finding that fraud had not been properly alleged in the Rule 1.540(b) motion, and thus, Hemmerle did not allege a ground set forth in Rule 1.540 for setting a judgment aside; whether it found that Hemmerle was precluded from raising the fraud issue altogether (which we assume is the reason); or, whether it agreed with the trial court that the evidence of an oral agreement was inadmissible as a matter of law.
Due to Hemmerle's failure to timely raise the fraud issue, appellees are also confronted by the law of the case principle:
The law of the case is a principle adhered to by courts to avoid reconsideration of points of laws which were, or should have been, adjudicated in a former appeal of the same case; its purpose is to lend stability to judicial decisions, to avoid piecemeal appeals, and to bring litigation to an end as expeditiously as possible. Strazzulla v. Hendrick, 177 So.2d 1 (Fla. 1965). It is not necessary that the legal point raised in the latter appeal be presented precisely as it was in the former appeal; the law of the case principle is also applied where the issue could have been but was not raised, Airvac, Inc. v. Ranger Ins. Co., 330 So.2d 467 (Fla. 1976), or where the question was decided by implication. Alford v. Summerlin, 423 So.2d 482 (Fla. 1st DCA 1982).
Valsecchi v. Proprietors Ins. Co., 502 So.2d 1310, 1311 (Fla. 3d DCA 1987). As a result, we hold appellees waived their right to raise the issue of fraud in the former appeal (having entered into the settlement agreement wherein they waived their defenses and counterclaim), neglected to raise the fraud issue at the first opportunity they had to do so (in the Motion to Vacate under Rule 1.540), and that the law of the case principle precluded them from raising *1117 the fraud issue at the trial court level in the instant case.

ESTOPPEL BY JUDGMENT
We hold that the doctrine of estoppel by judgment also barred appellees' affirmative defenses and counterclaims as a matter of law.
Though similar to res judicata, [the estoppel by judgment] doctrine applies where two suits are based on a common question, estoppel by judgment will prevent a defendant from maintaining the later one.
Wise v. Tucker, 399 So.2d 500, 502-503 (Fla. 4th DCA 1981) (citing Masciarelli v. Maco Supply Corp., 224 So.2d 329 (Fla. 1969); Avant v. Hammond Jones, Inc., 79 So.2d 423 (Fla. 1955); and Coplan Pipe and Supply Co. v. Central Bank & Trust Co., 362 So.2d 447 (Fla. 3d DCA 1978)). The foreclosure action and Second Guaranty action both dealt with the issue of whether evidence of the oral agreement to extend the loan payment deadline could be admitted at trial. Estoppel by judgment applies "whether the causes of action in the two suits be identical or different." McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323, 327 (1935). Because the foreclosure action resolved the fraud issues adversely to appellees, they could not maintain defenses and counterclaims in this action based on those same issues.
Sun-Island maintains that Hemmerle's Rule 1.540 motion did not bar its defenses and counterclaim. We disagree. The doctrines of res judicata and estoppel by judgment apply as to Sun-Island because it was a party to the foreclosure action. Its petition for certiorari filed in that action claimed that a judgment adverse to FDIC based on the oral agreement would preclude FDIC's claim against Sun-Island. We hold that the trial court's rulings in the foreclosure action bound Sun-Island by virtue of the law of the case doctrine. Furthermore, a ruling adverse to a controlling person of a corporation on a given claim precludes the corporation from litigating that claim in a subsequent action. See Red Carpet Corp. v. Roberts, 443 So.2d 377 (Fla. 1st DCA 1983), rev. denied, 488 So.2d 68 (Fla. 1986). As its officer, director and manager, Hemmerle controlled Sun-Island.

DIRECTED VERDICT
Lastly, we hold that FDIC was not entitled to judgment on its Second Guaranty complaint even though no portion of the foreclosure judgment has been paid. The damages in this Second Guaranty action are the same as the damages awarded to FDIC in the foreclosure action. FDIC concedes that only one recovery may be had and acknowledges that appellees are entitled to a set-off of six million dollars for the bid credit that FDIC received at the foreclosure sale.
To enter a judgment for FDIC in this Second Guaranty action would be tantamount to a double recovery. See United Companies Financial Corporation v. Bergelson, 573 So.2d 887 (Fla. 4th DCA 1990) (where a previous suit for conversion had compensated a party for the loss of real property, a favorable judgment in their subsequent suit for title of that real property would amount to a double recovery, which was impermissible). We conclude that the remedies in the foreclosure and the Second Guaranty actions are not concurrent or cumulative, and cannot logically coexist on the same facts. Therefore, the doctrine of election applied even before FDIC received full satisfaction of the foreclosure judgment. See Goldstein v. Serio, 566 So.2d 1338, 1340 (Fla. 4th DCA 1990).
REVERSED AND REMANDED WITH DIRECTIONS FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
GUNTHER, POLEN and GARRETT, JJ., concur.
NOTES
[1] This court granted the FDIC's motion for substitution of party. The original appellant was the Federal Savings and Loan Insurance Corporation [FSLIC]. For clarity, our opinion will also substitute FDIC for FSLIC in the cases below and the other appeals.
[2] Appellees testified that FDIC also breached two other oral agreements made before the settlement agreement. Those oral agreements concerned the discharge of a lis pendens and the completion of a road. The special interrogatory verdict only asked the jury to address the oral agreement to extend the loan payment deadline.
[3] We note that appellees alleged fraudulent inducement although the settlement agreement benefitted them by reducing the amount they owed and gave them more time to avoid foreclosure.
[4] Appellants maintain that this argument was also rejected in other litigation between the parties: Acquisition Corp. of America, Sun-Island Realty, Inc. and Kenneth Hemmerle v. Fed. Deposit Ins. Corp., 760 F. Supp. 1558 (S.D.Fla. 1991), where the order that granted summary judgment in favor of FDIC read, "Simply stated, there is not a shred of record evidence to indicate that the alleged extension was a subsequent modification to the settlement." Id. at 1562. Furthermore, appellees' fraudulent inducement argument directly contradicts their contention that the alleged time extension constituted a subsequent modification of the settlement agreement.
[5] Appellant's reply brief states that Hemmerle's Rule 1.540 motion to vacate "could just as well have been a Rule 1.530 motion `to open the judgment ..., take additional testimony and enter a new judgment thereunder.' [Fla.R.Civ.P. 1.530(a)], Rule 1.530 does not limit the grounds which can be asserted to obtain relief. The fact that Hemmerle filed his motion within the ten day period specified in Rule 1.530 suggests it was a Rule 1.530 motion."