PER CURIAM.
Sun-Island Realty, Inc., and Kenneth Hemmerle appeal from a summary judgment entered in favor of appellees, FDIC (as receiver for Sunrise Savings and Loan Association) and an order denying their motion for rehearing. We affirm.
This is Mr. Hemmerle’s fourth attempt to prevail on issues litigated and decided in FDIC’s favor. See Federal Deposit Ins. Corp. v. Hemmerle and Sun-Island Realty, Inc., 592 So.2d 1110 (Fla. 4th DCA 1991); Hemmerle v. Federal Deposit Ins. Corp., 556 So.2d 457 (Fla. 4th DCA 1990); Acquisition Corp. of America, Sun-Island Realty, Inc., and Kenneth Hemmerle v. Federal Deposit Ins. Corp., 760 F.Supp. 1558 (S.D.Fla.1991). We decline to give Mr. Hemmerle yet a fourth bite of the apple. “Once a party has had an opportunity to litigate a matter in an action in a court of competent jurisdiction, he should not be permitted to litigate it again to the harassment and vexation of his opponent.” New River Yachting Center, Inc. v. Bacchiocchi, 407 So.2d 607, 609 (Fla. 4th DCA 1981), rev. denied, 415 So.2d 1360 (Fla.1982).
Given our opinion in appellants’ previous appeal, see 592 So.2d 1110, appellants’ claim that Hemmerle, d/b/a Hem-merle Construction, has never been a party to any litigation with FDIC or its predecessors, and is thus not bound by earlier judgments, is repetitive and specious. We specifically held in that case that “[a] ruling adverse to a controlling person of a corporation precludes the corporation from litigating that claim in a subsequent action.” 592 So.2d at 1117. Mr. Hemmerle controlled Acquisition Corp. of America (ACA) and Sun-Island Realty at all times material to the aforementioned actions.
The fact that the instant proceedings involve a mechanic’s lien claim, as opposed to breach of contract claim (in Mr. Hemmerle’s previous guaranty action), is irrelevant. Estoppel by judgment applies “whether the causes of action in the two suits be identical or different.” McGregor v. Provident Trust Co., 119 Fla. 718, 162 So. 323, 327 (Fla.1935). In order to apply the doctrine of estoppel by judgment, the causes of action in the two suits must be different and the real parties in interest must be identical to both suits. Krug v. Meros, 468 So.2d 299 (Fla. 2d DCA), rev. denied, 480 So.2d 1295 (Fla.1985); Seaboard Coast Line R.R. v. Cox, 338 So.2d 190 (Fla.1976). The claims at bar have in common with the guaranty litigation the issues of execution and performance of the settlement agreement; the mechanic’s lien claim is based on the settlement agreement which was the subject of the the guaranty action.[1] Thus, the guaranty action disposed of the issues underlying the instant claim. See Wise v. Tucker, 399 So.2d 500, 502 (Fla. 4th DCA 1981). Moreover, appel *439 lant could have raised the mechanic’s lien claim in the guaranty action and did not.
Under the doctrine of res judicata, a final judgment or decree on the merits, by a court of competent jurisdiction, constitutes an absolute bar to a subsequent suit on the same cause of action, and concludes all issues which were raised or could have been raised in the action.
Id. [Citations omitted.]
Appellants’ other points lack merit as well. The settlement agreement obligated ACA to complete approximately $2 million of improvements to the subject property at ACA’s sole cost and expense. Any claim arising from such improvements lies against Acquisition, as opposed to FDIC. Although the trial court did not specifically address this argument, we affirm. See Parker v. Gordon, 442 So.2d 273, 275 (Fla. 4th DCA 1983); Applegate v. Barnett Bank, 377 So.2d 1150, 1152 (Fla.1980).
Accordingly, we affirm the summary judgment entered in FDIC’s favor in all respects.
DOWNEY, GUNTHER and POLEN, JJ., concur.

. The subject settlement agreement in the previous case provided for entry of judgment of *439 foreclosure on certain real property in Palm Beach County against Acquisition Corp. if FSLIC (FDIC's predecessor) did not receive payment of $8.2 million from ACA on or before December 31, 1987. As part of the settlement agreement, Hemmerle and Sun-Island executed and delivered to FSLIC a conditional guaranty of payment; they guaranteed payment of the debt owed FSLIC in the event, inter alia, that ACA should seek bankruptcy relief. FSLIC did not receive the $8.2 million by December 31, 1987. Hemmerle, who controlled Acquisition, caused it to file a Chapter 11 bankruptcy petition on December 30, 1987. On December 31, 1987, Hemmerle, d/b/a Hemmerle Construction Co., recorded a claim of lien in the amount of $1,886,560, against the subject property. On the same day, Hemmerle assigned the claim of lien to Sun-Island. This is the lien which is the subject of this appeal.