Mr. George T. Reeves Madison County District School Board Attorney Post Office Drawer 652 Madison, Florida 32341
Dear Mr. Reeves:
On behalf of the Madison County District School Board, you ask substantially the following question:
Does section 215.425, Florida Statutes, prohibit a school board from adopting a contract that seeks to ratify previous payments for legal services that were not authorized under the original contract but were based on an unwritten understanding between the school board and the attorney?
According to your letter, the Auditor General has challenged certain billings of the law firm acting as legal counsel for the Madison County District School Board for the 2001-2002 fiscal year. You state that the Auditor General asserts that certain billings should not have been billed under the agreed hourly fee because such services were covered by the retainer fee provided in the previous contract for legal services.
The school board attorney concedes that the contract, as written, provided that certain services were covered by the retainer and were not allowed to be billed separately; however, you state that such payments were consistent with the understanding between the school board and the attorney. The school board therefore subsequently adopted a new contract on June 3, 2003, permitting such payments and stating its intent that such contract be applied to the 2001-2002 fiscal year. The school board, however, has been told by the Auditor General that this would be a retroactive contract and thus prohibited by section 215.425, Florida Statutes. Section 16 of the contract, entered into on June 3, 2003, states:
"EFFECTIVE DATE. It is the desire of the BOARD and the Attorney that the effective date of this contract be the first day of the 2001-2002 fiscal year. The BOARD and the ATTORNEY recognize that the parties previously had a written contract which differed with this contract. The parties acknowledge that the previous written contract was not followed because it was inadvertently overlooked and that this contract reflects the actual contract terms as understood and agreed between the parties on the above date, and which should have been memorialized in writing. The BOARD and ATTORNEY recognize that this effective date may involve certain provisions of law, including Section 215.425, Florida Statutes . . . ."
While this office recognizes that school boards possess home rule powers, the exercise of such authority must be consistent with the provisions of state law.[1] Section 215.425, Florida Statutes, provides:
"No extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made; nor shall any money be appropriated or paid on any claim the subject matter of which has not been provided for by preexisting laws, unless such compensation or claim is allowed by a law enacted by two-thirds of the members elected to each house of the Legislature. However, when adopting salary schedules for a fiscal year, a district school board or community college district board of trustees may apply the schedule for payment of all services rendered subsequent to July 1 of that fiscal year. The provisions of this section do not apply to extra compensation given to state employees who are included within the senior management group pursuant to rules adopted by the Department of Management Services; to extra compensation given to county, municipal, or special district employees pursuant to policies adopted by county or municipal ordinances or resolutions of governing boards of special districts or to employees of the clerk of the circuit court pursuant to written policy of the clerk; or to a clothing and maintenance allowance given to plainclothes deputies pursuant to s. 30.49."[2]
Attorney General Opinions have consistently stated that the prohibition against extra compensation for work already performed serves to accomplish "a basic and fundamental principle that public funds may be used only for a public purpose and it is contrary to this policy to use public funds to give extra compensation for work which has already been performed for an agreed upon wage."[3] Therefore, the payment of retroactive compensation, lump sum allowances or other forms of compensation not provided for by law or contract is generally prohibited by section 215.425, Florida Statutes.[4] Extra compensation generally refers to an additional payment for services performed or compensation over and above that fixed by contract or by law when the services are rendered.[5]
From the information provided to this office, it appears that the school board had a contract with the school board attorney providing for the attorney's compensation.[6] The contract entered into on August 17, 1999, provides that the contract "shall continue in full force and effect until either party terminates the same by giving sixty (60) days notice to the other party."[7] In addition, the contract provides that its provisions may be "modified, amended or deleted at any time by a writing executed by the BOARD and the ATTORNEY with the same formalities as this Contract."[8]
That contract, however, was not followed because "it was inadvertently overlooked." Section 16 of the new contract entered into on June 3, 2003, states that the new contract more accurately reflects the actual contract terms understood by the parties for the 2001-2002 fiscal year, which should have been memorialized in writing. The terms of the original contract, however, appear unambiguous. Generally, the terms of a valid written contract or instrument cannot be varied by a verbal agreement or other extrinsic evidence where such agreement was made before or at the time of the instrument in question; all such verbal agreements are considered as waived by and merged in the written contract.[9] While there are exceptions such as for fraud or misrepresentation or the subsequent amendment of the contract, no such grounds have been alleged in the instant inquiry.[10]
In light of the above, I am of the opinion that the school board and the school board attorney were governed by the provisions of the earlier contract until such contract was subsequently amended, which appears to have occurred on June 3, 2003. Accordingly, the subsequent adoption of a contract that sought to ratify previous payments for legal services that were not authorized under the original contract would, in my opinion, be prohibited by section 215.425, Florida Statutes.
Sincerely,
Charlie Crist Attorney General
CC/tjw
[1] See, s. 1001.32(2), Fla. Stat., stating that "[i]n accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law." Andsee, W.E.R. v. School Board of Polk County, 749 So.2d 540 (Fla. 2d DCA 2000) (while school board has significant authority in matters not addressed specifically by the Legislature, it is prohibited from promulgating rules at variance with legislation); Op. Att'y Gen. Fla. 83-72 (1983) (in the case of a direct conflict between a state statute and a rule, policy or other form of legislative action taken by a district school board, the state statute would prevail).
[2] Section 215.425, Fla. Stat., was formerly s. 11, Art. XVI, State Const. 1885, and was converted to statutory law by s. 10, Art. XII, Fla. Const. 1968.
[3] See, e.g., Ops. Att'y Gen. Fla. 97-21 (1997) and 82-28 (1982).
[4] See, e.g., Ops. Att'y Gen. Fla. 89-53 (1989), 86-53 (1986), and 85-57 (1985).
[5] See generally, 67 C.J.S. Officers s. 236.
[6] See, Contract for Professional Services (Contract), dated August 17, 1999, entered into by the School Board of Madison County and the law firm. And see, the Contract's recitations stating that in entering into the agreement, the parties deem it appropriate to set forth the rate and manner of compensation paid to the school board attorney for services rendered to the school board and otherwise set the various terms, provisions, and conditions of their contractual relationship.
[7] Section 12 of the Contract.
[8] Section 13 of the Contract.
[9] See, e.g., Linear Corporation v. Standard Hardware Company,423 So.2d 966, 968 (Fla. 1st DCA 1982); Federal Deposit InsuranceCorporation v. Hemmerle, 592 So.2d 1110 (Fla. 4th DCA 1991), reviewdenied, 601 So.2d 552 (Fla. 1992), cert. denied, 510 U.S. 978,126 L.Ed.2d 424, 114 S.Ct. 473 (1993); Masvidal v. Ochoa, 505 So.2d 555
(Fla. 3d DCA 1987) (proof of an oral agreement is barred by the parol evidence rule if it is inconsistent with a prior written agreement between the parties). Moreover, while a contract may be discharged or extinguished by merger into a later contract entered into between the parties regarding the same subject to replace the original contract, this office has not been advised that the school board and the law firm entered into a new contract until the 2003 contract was signed; rather, the failure to follow the terms of the earlier contract has been characterized by the parties as "inadvertent." Thus, based upon the information provided to this office, it appears that it was not until the 2003 contract was entered into that the terms of the earlier contract were amended.
[10] See, e.g., Federal Deposit Insurance Corporation v. Hemmerle,supra at 1114, stating:
"Moreover, we find that the record does not support appellees' contention that there was a later oral agreement relied upon by the parties. Although appellees asserted that they continued to develop the property, etc., beyond the loan payment deadline, they were already obligated to do those things under the original contract and failed to prove a new contractual undertaking. See King Partitions and Drywall, Inc. v. DonnerEnterprises, Inc., 464 So.2d 715, 716 (Fla. 4th DCA 1985). Any such agreement lacked consideration. New consideration must support a subsequent modification. See In re Estate of Johnson, 566 So.2d 1345,1347 (Fla. 4th DCA 1990). Therefore, we hold that the subsequent agreement exception to the parol evidence rule did not apply."